IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| General Refractories Company<br>225 City Avenue, Suite 14<br>Bala Cynwyd, PA 19004<br><br>        Plaintiff,<br><br>v.<br><br>First State Insurance Co. i/c/o<br>Hartford Accident & Indemnity Co.<br>150 Federal Street<br>Boston, Massachusetts 02110-1753<br><br>        and<br><br>Westport Insurance Corporation f/k/a<br>or successor to Puritan Insurance<br>Company<br>5200 Metcalf Avenue<br>Overland Park, Kansas 66202-1296<br><br>        and<br><br>Lexington Insurance Company<br>200 State Street, 4th Floor<br>Boston, Massachusetts 02109<br><br>        and<br><br>Centennial Insurance Company<br>140 Broadway, 34th Floor<br>New York, New York 10005-1101<br><br>        and<br><br>Granite State Insurance Company<br>70 Pine Street, 3rd Floor<br>New York, New York 10270<br><br>        and<br><br>Potomac Insurance Co. of Illinois<br>One Beacon Street<br>Boston, Massachusetts 02108<br><br>        and | Civil Action No.<br><br><br><br><br>JURY TRIAL DEMANDED |

1

Hartford Accident and Indemnity Co.         :
Hartford Plaza                              :
Hartford, Connecticut 06115                 :
                                            :
           and                              :
                                            :
Government Employees Insurance Co.          :
One GEICO Plaza                             :
Washington, D.C. 20076-001                  :
                                            :
           and                              :
                                            :
Republic Insurance Company                  :
2727 Turtle Creek Boulevard                 :
Dallas, Texas 75219                         :
                                            :
           and                              :
                                            :
Sentry Insurance Company                    :
f/k/a or successor to Vanliner Insurance    :
Company and f/k/a or successor to           :
Great SW Fire Insurance Co.                 :
1800 North Point Drive                      :
Stevens Point, WI 54481                     :
                                            :
           and                              ;
                                            :
American International Ins. Co.             :
70 Pine Street                              :
New York, New York  10270                   :
                                            :
           and                              :
                                            :
AIU Insurance Company                       :
70 Pine Street, 3rd Floor              :
New York, New York 10270                    :
                                            :
           and                              :
                                            :
Harbor Insurance Company                    :
4201 Wilshire Boulevard                     :
Los Angeles, California 90010               :
                                            :
           and                              :
                                            :
St. Paul Travelers                          :
f/k/a or successor to Aetna Casualty        :
& Surety Company                            :
One Tower Square                            :
Hartford, Connecticut 06183                 :

2

4. Upon information and belief Westport Insurance Corporation is not a Pennsylvania company and its principal place of business is 5200 Metcalf Avenue, Overland Park, Kansas 66202-1296.

5. Upon information and belief Lexington Insurance Company is not a Pennsylvania company and its principal place of business is 200 State Street, 4th Floor, Boston, Massachusetts 02109.

6. Upon information and belief Centennial Insurance Company is not a Pennsylvania company and its principal place of business is 140 Broadway, 34th Floor, New York, New York 10005-1101.

7. Upon information and belief Granite State Insurance Company is not a Pennsylvania company and its principal place of business is 70 Pine Street, 3rd Floor, New York, New York 10270.

8. Upon information and belief Potomac Insurance Company of Illinois is not a Pennsylvania company and its principal place of business is One Beacon Street, Boston, Massachusetts 02108.

9. Upon information and belief Hartford Accident and Indemnity Company is not a Pennsylvania company and its principal place of business is Hartford Plaza, Hartford, Connecticut 06115.

10. Upon information and belief Government Employees Insurance Company is not a Pennsylvania company and its principal place of business is One GEICO Plaza, Washington, D.C. 20076-001.

11. Upon information and belief Republic Insurance Company is not a Pennsylvania company. Its principal place of business is 2727 Turtle Creek Boulevard, Dallas, Texas 75219.

12. Upon information and belief Sentry Insurance Company is not a Pennsylvania company and its principal place of business is 1800 North Point Drive, Stevens Point, Wisconsin 54481.

13. Upon information and belief American International Insurance Company is not a Pennsylvania company and its principal place of business is 70 Pine Street, New York, New York 10270.

14. Upon information and belief AIU Insurance Company is not a Pennsylvania company and its principal place of business is 70 Pine Street, 3rd Floor, New York, New York 10270.

15. Upon information and belief Harbor Insurance Company is not a Pennsylvania company and its principal place of business is 4201 Wilshire Boulevard, Los Angeles, California 90010.

16. Upon information and belief St. Paul Travelers f/k/a Aetna Casualty & Surety Company is not a Pennsylvania company and its principal place of business is One Tower Square, Hartford, Connecticut 06183.

17. Upon information and belief American Empire Insurance Company is not a Pennsylvania company and its principal place of business is 515 Main Street, Cincinnati, Ohio 45202.

18. Upon information and belief ACE USA is not a Pennsylvania company and its principal place of business is outside of Pennsylvania.

19. All of the Defendants are collectively referred to herein as the "Defendants".

## JURISDICTION AND VENUE

20. The subject matter jurisdiction of this Court is based upon 28 U.S.C. § 1332, in that there is complete diversity of citizenship among the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

21. Venue is proper in this District pursuant to 28 U.S.C. § 1391, in that a substantial part of the events giving rise to this action occurred in this District.

## FACTUAL BACKGROUND

### Underlying Asbestos-Related Claims Against GRC

22. Since the 1980s, tens of thousands of claimants (collectively, the "Claimants") have named GRC as a defendant in thousands of lawsuits filed in federal and state courts throughout the United States alleging injury due to GRC's sale, manufacture or distribution of asbestos containing products. GRC is continuing to be sued in thousands of similar actions. (All such actions collectively referred to herein as the "Underlying Actions").

23. Claimants in the Underlying Actions typically have sought and seek damages for purported bodily injuries, diseases, and fear of contracting same, allegedly resulting from exposure to asbestos-containing products manufactured, sold, and distributed by GRC.

24. The Claimants in the Underlying Actions typically allege exposure to asbestos over extended periods of time covering multiple years, with injuries purportedly occurring from the date of the first alleged exposure to the present.

25. The injuries alleged in these actions include not only asbestosis, but other injuries such as mesothlioma, lung cancer, other cancers, and various other lung related diseases.

## The Defendants' Obligations to GRC

26. From at least 1978, GRC purchased various excess and umbrella liability insurance policies from the Defendants, or their predecessors in interest, in this action (collectively, the "Policies").

27. All the Policies were sold to GRC and the respective carrier received a premium in return for its respective policy.

28. By operation of Pennsylvania law, and as a result of Defendants' position as GRC's insurers, which, as stated above, included the assumption of responsibility, among other things, for the defense of certain third-party claims, Defendants are fiduciaries of GRC.

29. In connection with their role as GRC's insurance companies, Defendants owe GRC a duty of good faith and fair dealing in all aspects of their dealings, such that GRC's interests are always placed ahead of their own interests.

30. As a result of these duties, Defendants owe GRC a fiduciary duty to act at all times in GRC's best interests with undivided loyalty and fidelity.

31. The Policies all provide insurance coverage for the Underlying Actions, which requires each of the Defendants to honor the foregoing obligations in all aspects of their dealings with GRC concerning the Underlying Actions.

## Exhaustion Of Limits Of [Primary] Insurance Policies

32. Since being served with Underlying Actions, GRC has submitted Underlying Actions to comprehensive general liability insurance companies, including those companies that sold primary comprehensive general liability insurance policies.

33. GRC's primary general liability insurance companies provided defense and indemnification for the Underlying Actions until exhaustion of their primary policy limits or their insolvency.

### Denial Of Coverage Obligations

34.     The Policies all purport to exclude coverage for the Underlying Actions. As a result, beginning in early 2002 GRC began contacting the Defendants to inform them that it was GRC's position that the Policies provided coverage for Underlying Actions.

35.     Each of the Defendants refused to provide coverage for the Underlying Actions on the basis that they believe no coverage is provided under their respective Policy's for asbestos related personal injury claims.

36.     GRC has no other available insurance to cover the Underlying Actions other than from the Policies.

37.     In addition, GRC has insufficient assets to mount an appropriate defense in the Underlying Actions.

38.     As a result of Defendants' refusal to provide GRC with indemnity and expense coverage for the Underlying Actions under the Policies, GRC is forced to either suffer the entry of default or similar judgments, or attempt to settle cases without the benefit of an adequate defense. Had Defendants adhered to their obligations under the Policies, GRC would not be placed in this position.

### Invalidity Of The Asbestos-Related Exclusions In The Policies

39.     Many of the Policies contain asbestos-related exclusionary language which is ambiguous or which does not exclude coverage for injuries resulting from exposure to the manufacture, sale or distribution of asbestos-containing products.

40.     For example, many of the Policies purport to exclude coverage for "asbestosis" or similar diseases.

41.     Asbestosis is a specific and diagnosable disease which results from exposure to asbestos or asbestos containing products.

42. There are diseases other than and different from asbestosis which are caused by exposure to asbestos or asbestos containing products. These include but are not limited to mesothelioma, lung cancer, other cancers, and other lung related diseases ("Non-Asbestosis Diseases").

43. Many of the Underlying Actions seek recovery for Non-Asbestos Diseases resulting from alleged exposure to GRC asbestos containing products.

44. Irrespective, the Defendants have refused to provide any defense or indemnity coverage for the Non-Asbestosis Disease related Underlying Actions.

45. Another example is that many of the Policies purport to exclude coverage for bodily injury resulting from the sale, manufacture or distribution of asbestos, asbestos fibre or similar products.

46. In the Underlying Actions, GRC is not being sued for the manufacture, sale, or distribution of asbestos or similar products, but of asbestos containing products.

47. GRC did not manufacture, sell, or distribute asbestos, asbestos fibre or similar products. GRC was a purchaser of asbestos, which it then incorporated into certain of its products during its manufacturing process.

48. Since the allegations against GRC in the Underlying Actions do not allege that GRC manufactured, sold, or distributed asbestos, asbestos fibre or similar products, the exclusions referencing asbestos, asbestos fibre or similar products are not applicable to the Underlying Actions.

49. Any policy exclusion that does not, specifically exclude coverage for injuries resulting from exposure to the manufacture, sale or distribution of asbestos containing products does not, even if a valid exclusion, exclude coverage for the Underlying Actions.

50. In addition, irrespective of whether or not the exclusionary language in the Policies excludes coverage for the Underlying Actions, none of the asbestos-related exclusions at issue are valid as to GRC and the other insureds under the Policies.

51. Under Pennsylvania insurance law, an insurance company cannot sell an insurance policy in the Commonwealth of Pennsylvania with language that has not been expressly approved by the Pennsylvania Insurance Department.

52. If an insurance policy contains any language that has not been approved, the non-approved provisions are invalid and unenforceable.

53. For at least prior to November 9, 1987, whenever an insurance company or its representatives submitted for approval any asbestos-related exclusion for inclusion in commercial general liability insurance policies, it was the general policy of the Pennsylvania Insurance Department to disapprove such exclusion.

54. The Policies were sold several years before the Pennsylvania Insurance Department approved any asbestos-related exclusion for use in comprehensive general liability insurance policies.

55. Additionally, the Pennsylvania Insurance Department required that if a liability insurance policy contained any asbestos-related exclusion, a disclosure notice requiring the policyholder's signature needed to be part of the exclusion and countersigned by the policyholder, in order to be enforceable.

56. All of the purported asbestos-related exclusions in the Policies contain no disclosure notices requiring GRC's signature.

57. Signatures of representatives of GRC appear on none of the purported asbestos-related exclusions of the Policies.

58. Accordingly, the purported asbestos-related exclusions in the Policies are invalid and unenforceable, and Defendants' reliance upon the purported exclusions to deny insurance coverage for the Underlying Actions under the Policies is wrongful.

## COUNT I
### (Declaratory Judgment Versus All Defendants)

59.     GRC repeats and re-alleges the averments of paragraphs 1–58, as if the same were set forth at length herein.

60.     As set forth above, the Defendants sold GRC Policies covering, among other things, liability arising from asbestos-related bodily injury claims asserted against GRC, such as those asserted in the Underlying Actions.

61.     The Defendants have breached and continue to breach their promises, as set forth in the Policies, by failing and/or refusing to honor their promises to defend, conduct settlement negotiations, and indemnify GRC for and in the Underlying Actions.

62.     The Defendants continue to fail to acknowledge their coverage obligations for the Underlying Actions under the Policies.

63.     As a direct and proximate result of the Defendants breaches of contract and refusal acknowledge coverage obligations, GRC has suffered and will continue to suffer harm in an amount in excess of $75,000, exclusive of interest and fees.

64      An actual and justifiable controversy exists between GRC and the Defendants regarding the interpretation, application, and meaning of the Policies.

65.     Accordingly, GRC is entitled to declaratory judgment of this Court of its rights and of the obligations of the Defendants under the Policies.

66.     Declaratory relief from this Court will resolve all outstanding issues between the Defendants and GRC regarding the obligations of the Defendants under the Policies.

**WHEREFORE**, pursuant to 28 U.S.C. §§ 2201-02, GRC seeks judgment in its favor as to Count I as follows.

(a)     the entry of an Order judicially declaring that any asbestos-related exclusions in the Policies are invalid and unenforceable, and requiring Defendants to

pay for GRC's defense of the Underlying Actions, and to reimburse GRC for, or pay on behalf of GRC, any and all judgments or settlements reached in the Underlying Actions, until such time as the total aggregate limits of each of the foregoing insurance policies have been exhausted; and

(b)   The award of such additional relief as the Court deems just and appropriate.

## COUNT II
### (Breach of Contract)

67.   GRC repeats and re-alleges the averments of paragraphs 1–66, as if the same were set forth at length herein.

68.   As set forth above, Defendants sold GRC the foregoing insurance policies covering, among other things, liabilities arising from asbestos-related bodily injury claims asserted against GRC, such as those asserted in the Underlying Actions.

69.   The Underlying Actions are covered by the Policies.

70.   The various asbestos-related exclusions in the Policies are invalid, unenforceable, and not applicable to the Underlying Actions.

71.   The Underlying Actions trigger the Defendants duties to defend and indemnify GRC under the terms of the Policies.

72.   GRC has timely demanded that the Defendants provide GRC with the insurance coverage it purchased under the Policies, or such demand would have been futile due to the insistence by the Defendants that their asbestos-related exclusions are valid.

73.   The Defendants have refused to honor their obligations to provide GRC with a defense or indemnification in and for the Underlying Actions, under the terms of the foregoing insurance policies.

74. By reason of the foregoing, the Defendants have breached their contractual obligations to GRC under the Policies.

75. As a direct and proximate result of Defendants' breaches, GRC has suffered and will continue to suffer damages.

**WHEREFORE**, GRC seeks judgment in its favor as to Count II as follows:

(a) The entry of an award requiring the Defendants to pay GRC all monetary damages suffered by GRC caused by their breaches, including, without limitation, compensatory damages, consequential damages, prejudgment interest, post-judgment interest, and attorneys' fees and costs; and

(b) The award of such additional relief as the Court deems just and appropriate.

Barry L. Katz, Esquire
225 City Avenue, Suite 14
Bala Cynwyd, PA 19004
Atty. I.D. 58662
(610) 660-8806

Law Offices of Suzanne H. Gross
Suzanne H. Gross, Esquire
225 City Avenue, Suite 14
Bala Cynwyd, PA 9004
Atty. I.D. 56980
(610) 660-8814

Dated: 6/8/04