IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| General Refractories Company, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | Civil Action No.: 2:04-cv-03509-EL |
| | : | (Hon. Edmund V. Ludwig) |
| First State Insurance Co.; Westport | : | |
| Insurance Corporation, *successor to*, or | : | **JURY TRIAL DEMANDED** |
| *fka* Puritan Insurance Company; | : | |
| Lexington Insurance Company; | : | |
| Centennial Insurance Company; Granite | : | |
| State Insurance Company; Potomac | : | |
| Insurance of Illinois; Hartford Accident | : | |
| and Indemnity Co.; Government | : | |
| Employees Insurance Co.; Republic | : | |
| Insurance Company; Sentry Insurance | : | |
| Company, *successor to*, or *fka* Vanliner | : | |
| Insurance Company *fka* Great SW Fire | : | |
| Insurance Co.; American International | : | |
| Ins. Co.; AIU Insurance Company; | : | |
| Harbor Insurance Company; St. Paul | : | |
| Travelers, *successor to*, or *fka* Aetna | : | |
| Casualty & Surety Company; American | : | |
| Empire Insurance Co.; ACE USA, *as* | : | |
| *successor to* International Insurance | : | |
| Company, | : | |
| | : | |
| **Defendants** | : | |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS, LEXINGTON INSURANCE COMPANY, GRANITE STATE INSURANCE COMPANY, AMERICAN INTERNATIONAL INS. CO. AND AIU INSURANCE COMPANY, TO PLAINTIFF GENERAL REFRACTORIES COMPANY'S COMPLAINT, WITH COUNTERCLAIM AGAINST PLAINTIFF AND CROSSCLAIM AGAINST CO-DEFENDANTS

Defendants, Lexington Insurance Company, Granite State Insurance

Company, American International Ins. Co. and AIU Insurance Company,

("Defendants"), by and through their attorneys, Marshall, Dennehey, Warner, Coleman & Goggin, and for their Answer and Affirmative Defenses to the Complaint for Declaratory Judgment and Damages filed by Plaintiff General Refractories Company, counterclaim against the Plaintiff, and Crossclaim against all other Defendants, state as follows:

## NATURE OF ACTION

1.     Denied.   After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1, and therefore deny them and demand strict proof thereof.

## PARTIES

2.     Denied.   After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, and therefore deny them and demand strict proof thereof.

3.-4.   Denied.  The allegations contained in paragraphs 3 and 4 pertain to defendants other than Defendants, and, accordingly, no response is required.  To the extent that a response may be required, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraphs 3 and 4, and therefore deny them and demand strict proof thereof.

5.     Admitted.   By means of further answer, Lexington Insurance Company is incorporated in the State of Delaware with its principal place of business at 200 State Street, 4th Floor, Boston MA 02109.

6.     Denied.   The allegations contained in paragraph 6 pertain to a defendant other than Defendants, and, accordingly, no response is required.  To the extent a response may be required, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6, and therefore deny them and demand strict proof thereof.

7.     Admitted and Denied.  It is admitted that Granite State Insurance Company's principal place of business is 70 Pine Street, New York, NY 10270.  It is denied that Granite State is not a Pennsylvania company.  By means of further answer, Granite State Insurance Company is incorporated in the State of Pennsylvania.

8.-12.     Denied.  The allegations contained in paragraphs 8-12 pertain to defendants other than Defendants, and, accordingly, no response is required.  To the extent a response may be required, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of

the allegations in paragraphs 8-12, and therefore deny them and demand strict proof thereof.

13.     Admitted.   By means of further answer, American International Insurance Company is incorporated in the State of New York.

14.     Admitted.  By means of further answer, AIU Insurance Company is incorporated in the State of New York.

15.-18.      Denied.  The allegations contained in paragraphs 15-18 pertain to defendants other than Defendants, and, accordingly, no response is required.  To the extent a response may be required, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 15-18, and therefore deny them and demand strict proof thereof.

19.     Defendants neither admit, nor deny, the allegations contained in paragraph 19, as it contains no factual allegations to which a response would be required.

## JURISDICTION AND VENUE

20.-21.      Denied.  The allegations contained in paragraphs 20 and 21 are legal conclusions, to which no response is required, and the allegations contained therein are therefore denied.  To the extent a response may be required, after reasonable investigation, Defendants are without knowledge or information

sufficient to form a belief as to the truth of the allegations in paragraphs 20 and 21, and therefore deny them and demand strict proof thereof.

## FACTUAL BACKGROUND

### Underlying Asbestos-Related Claims Against GRC [Plaintiff]

22.-25.     Denied.   To the extent that the allegations contained in paragraphs 22-25 are legal conclusions, no response is required, and the allegations are therefore denied.   To the extent that a response may be required, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 22-25, and therefore deny them and demand strict proof thereof.

### The Defendants' Obligations to GRC[Plaintiff]

26.-27.     Denied.   To the extent that the allegations contained in paragraphs 26 and 27 pertain to defendants other than Defendants, no response is required.   To the extent that the allegations are directed toward the Defendants and/or a response may be required, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 26 and 27, and therefore deny them and demand strict proof thereof.

28.-31.     Denied.   To the extent that the allegations contained in paragraphs 28-31 pertain to defendants other than Defendants, no response is

required.  To the extent that the allegations contained in paragraphs 28-31 pertain to Defendants, the allegations are legal conclusions, no response is required and the allegations are therefore denied.  To the extent that a response may be required, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 28-31, and therefore deny them and demand strict proof thereof.

<b><u>Exhaustion of Limits of [Primary] Insurance Policies</u></b>

32.-33.      Denied.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 32 and 33, and therefore deny them and demand strict proof thereof.

<b><u>Denial of Coverage Obligations</u></b>

34.      Denied.  To the extent that the allegations contained in paragraph 34 pertain to defendants other than Defendants, no response is required.  To the extent that the allegations are directed toward the Defendants and/or a response may be required, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34, and therefore deny them and demand strict proof thereof.

35.      Denied.  To the extent that the allegations contained in paragraph 35 pertain to defendants other than Defendants, no response is required.  To the extent

that a response may be required, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35, and therefore deny them and demand strict proof thereof.  To the extent that the allegations are directed toward the Defendants, Defendants deny them and demand strict proof thereof.

36.-37.     Denied.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 36 and 37, and therefore deny them and demand strict proof thereof.

38.     Denied.  To the extent that the allegations contained in paragraph 38 pertain to defendants other than Defendants, no response is required.  To the extent that a response may be required, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38, and therefore deny them and demand strict proof thereof.  To the extent that the allegations are directed toward the Defendants, Defendants deny them and demand strict proof thereof.

## Invalidity of the Asbestos-Related Exclusions in the Policies

39.     Denied.  To the extent that the allegations contained in paragraph 39 pertain to defendants other than Defendants, no response is required.  To the extent that a response may be required, the allegations are legal conclusions, no response

is required and the allegations are therefore denied.  By way of further response, the policies are writings which speak for themselves and the "best evidence" of the terms thereof.   The attempted characterizations of these writings, and/or the incomplete terms of said writings set forth and averred by the Plaintiff are denied and strict proof thereof demanded.  By way of further response, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39, and therefore deny them and demand strict proof thereof.  To the extent that the allegations are directed toward the Defendants, the allegations are legal conclusions, no response is required and the allegations are therefore denied.  To the extent that a response may be required, the policies are writings which speak for themselves and the "best evidence" of the terms thereof.  The attempted characterizations of these writings, and/or the incomplete terms of said writings set forth and averred by the Plaintiff are denied and strict proof thereof demanded.  By way of further answer, to the extent that the allegations are directed toward the Defendants, Defendants deny them and demand strict proof thereof.

40.    Denied.  To the extent that the allegations contained in paragraph 40 pertain to defendants other than Defendants, no response is required.  To the extent that a response may be required, the policies are writings which speak for themselves and the "best evidence" of the terms thereof.   The attempted

characterizations of these writings, and/or the incomplete terms of said writings set forth and averred by the Plaintiff are denied and strict proof thereof demanded.  To the extent that the allegations are directed toward the Defendants, the policies are writings which speak for themselves and the "best evidence" of the terms thereof. The attempted characterizations of these writings, and/or the incomplete terms of said writings set forth and averred by the Plaintiff are denied and strict proof thereof demanded.

41.-43.    Denied.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 41-43, and therefore deny them and demand strict proof thereof.

44.    Denied.  To the extent that the allegations contained in paragraph 44 pertain to defendants other than Defendants, no response is required.  To the extent that a response may be required, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44, and therefore deny them and demand strict proof thereof.  To the extent that the allegations are directed toward the Defendants, Defendants deny them and demand strict proof thereof.

45.    Denied.  To the extent that the allegations contained in paragraph 45 pertain to defendants other than Defendants, no response is required.  To the extent

that a response may be required, the policies are writings which speak for themselves and the "best evidence" of the terms thereof. The attempted characterizations of these writings, and/or the incomplete terms of said writings set forth and averred by the Plaintiff are denied and strict proof thereof demanded. To the extent that the allegations are directed toward the Defendants, the policies are writings which speak for themselves and the "best evidence" of the terms thereof. The attempted characterizations of these writings, and/or the incomplete terms of said writings set forth and averred by the Plaintiff are denied and strict proof thereof demanded.

46. Denied. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46, and therefore deny them and demand strict proof thereof.

47. Denied. The allegations contained in paragraph 47 are legal conclusions to which no response is required, and the allegations are therefore denied. To the extent a response may be appropriate, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47, and therefore deny them and demand strict proof thereof.

48.-50.   Denied.   To the extent that the allegations contained in paragraphs 48-50 pertain to defendants other than Defendants, no response is required.  To the extent that the allegations are directed toward the Defendants and/or a response may be appropriate, the allegations contained in paragraphs 48-50 are legal conclusions to which no response is required, and the allegations are therefore denied.   By way of further answer, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 48-50, and therefore deny them and demand strict proof thereof.

51.-53.   Denied.   The allegations contained in paragraphs 51-53 are legal conclusions to which no response is required, and the allegations are therefore denied. To the extent that the allegations are directed toward the Defendants and/or a response may be appropriate, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 51-53, and therefore deny them and demand strict proof thereof.

54.   Denied.  To the extent that the allegations contained in paragraph 54 pertain to defendants other than Defendants, no response is required.  To the extent that the allegations are directed toward the Defendants and/or a response may be appropriate, the allegations contained in paragraph 54 are legal conclusions to

which no response is required, and the allegations are therefore denied.  By way of further answer, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54, and therefore deny them and demand strict proof thereof.

55.    Denied.    The allegations contained in paragraph 55 are legal conclusions to which no response is required, and the allegations are therefore denied.  To the extent that the allegations are directed toward the Defendants and/or a response may be appropriate, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55, and therefore deny them and demand strict proof thereof.

56.-57.    Denied.    To the extent that the allegations contained in paragraphs 56 and 57 pertain to defendants other than Defendants, no response is required.  To the extent that a response may be required, the policies are writings which speak for themselves and the "best evidence" of the terms thereof.  The attempted characterizations of these writings, and/or the incomplete terms of said writings set forth and averred by the Plaintiff are denied and strict proof thereof demanded.  By way of further answer, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 56 and 57, and therefore deny them and demand strict

proof thereof.   To the extent that the allegations are directed toward the Defendants, the policies are writings which speak for themselves and the "best evidence" of the terms thereof.  The attempted characterizations of these writings, and/or the incomplete terms of said writings set forth and averred by the Plaintiff are denied and strict proof thereof demanded.

58.    Denied.  To the extent that the allegations contained in paragraph 58 pertain to defendants other than Defendants, no response is required.  To the extent that the allegations are directed toward the Defendants and/or a response may be appropriate, the allegations contained in paragraph 58 are legal conclusions to which no response is required, and the allegations are therefore denied.  By way of further answer, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58, and therefore deny them and demand strict proof thereof.

## COUNT I
### (Declaratory Judgment Versus All Defendants)

59.    The allegations contained in paragraph 59 constitute mere incorporation by reference of preceding allegations, for which no response is required.  To the extent a response may be appropriate, Defendants repeat and incorporate by reference their responses to the allegations in paragraphs 1-58, as if they were fully set forth herein.

60.     Denied.  To the extent that the allegations contained in paragraph 60 pertain to defendants other than Defendants, no response is required.  To the extent that a response may be required, the policies are writings which speak for themselves and the "best evidence" of the terms thereof.   The attempted characterizations of these writings, and/or the incomplete terms of said writings set forth and averred by the Plaintiff are denied and strict proof thereof demanded.  By way of further answer, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60, and therefore deny them and demand strict proof thereof.  To the extent that the allegations are directed toward the Defendants, the insurance policies allegedly issued by the Defendants to the Plaintiff are writings which speak for themselves and the "best evidence" of the terms thereof.  The attempted characterizations of these writings, and/or the incomplete terms of said writings set forth and averred by the Plaintiff are denied and strict proof thereof demanded.  By way of further answer, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60, and therefore deny them and demand strict proof thereof.

61.     Denied.  To the extent that the allegations contained in paragraphs 61 pertain to defendants other than Defendants, no response is required.  To the extent

a response may be appropriate, the allegations contained in paragraph 61 are legal conclusions to which no response is required, and the allegations are therefore denied.  By way of further answer, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61, and therefore deny them and demand strict proof thereof.  To the extent that the allegations are directed toward the Defendants, the allegations contained in paragraph 61 are legal conclusions to which no response is required, and the allegations are therefore denied.  By way of further answer, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61, and therefore deny them and demand strict proof thereof.

62.     Denied.  To the extent that the allegations contained in paragraph 62 pertain to defendants other than Defendants, no response is required.  To the extent a response may be appropriate, the allegations contained in paragraph 62 are legal conclusions to which no response is required, and the allegations are therefore denied.  By way of further answer, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62, and therefore deny them and demand strict proof thereof.  To the extent that the allegations are directed toward the Defendants, the allegations contained in paragraph 62 are legal conclusions to which no response is

required, and the allegations are therefore denied.  By way of further answer, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62, and therefore deny them and demand strict proof thereof.

63.     Denied.  To the extent that the allegations contained in paragraph 63 pertain to defendants other than Defendants, no response is required.  To the extent a response may be appropriate, the allegations contained in paragraph 63 are legal conclusions to which no response is required, and the allegations are therefore denied.  By way of further answer, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63, and therefore deny them and demand strict proof thereof.  To the extent that the allegations are directed toward the Defendants, the allegations contained in paragraph 63 are legal conclusions to which no response is required, and the allegations are therefore denied.  By way of further answer, it is denied that the Defendants have breached any contractual duties and/or improperly refused to acknowledge any coverage obligations which may be or may have been owed to the Plaintiffs, and strict proof thereof is demanded.  It is further denied that the Plaintiff have suffered and/or will continue to suffer harm from any alleged actions or conduct of the Defendants, and strict proof thereof is demanded.  By way of further answer, after reasonable investigation, Defendants are without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 63, and therefore deny them and demand strict proof thereof.

64. Denied.  To the extent that the allegations contained in paragraph 64 pertain to defendants other than Defendants, no response is required.  To the extent a response may be appropriate, the allegations contained in paragraph 64 are legal conclusions to which no response is required, and the allegations are therefore denied and strict proof thereof demanded.  By way of further answer, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64, and therefore deny them and demand strict proof thereof.  To the extent that the allegations are directed toward the Defendants, the allegations contained in paragraph 64 are legal conclusions to which no response is required, and the allegations are therefore denied.  By way of further answer, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64, and therefore deny them and demand strict proof thereof.

65. Denied.  To the extent that the allegations contained in paragraph 65 pertain to defendants other than Defendants, no response is required.  To the extent a response may be appropriate, the allegations contained in paragraph 65 are legal

conclusions to which no response is required, and the allegations are therefore denied and strict proof thereof demanded.  To the extent that the allegations are directed toward the Defendants, the allegations contained in paragraph 65 are legal conclusions to which no response is required, and the allegations are therefore denied.

66.     Denied.  To the extent that the allegations contained in paragraph 66 pertain to defendants other than Defendants, no response is required.  To the extent a response may be appropriate, the allegations contained in paragraph 66 are legal conclusions to which no response is required, and the allegations are therefore denied.  By way of further answer, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66, and therefore deny them and demand strict proof thereof.  To the extent that the allegations are directed toward the Defendants, the allegations contained in paragraph 66 are legal conclusions to which no response is required, and the allegations are therefore denied.  By way of further answer, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66, and therefore deny them and demand strict proof thereof.

**COUNT II**
**(Breach of Contract)**

67.    The allegations contained in paragraph 67 constitute mere incorporation by reference of preceding allegations, for which no response is required.  To the extent a response may be appropriate, Defendants repeat and incorporate by reference their responses to the allegations in paragraphs 1-66, as if they were fully set forth herein.

68.    Denied.  To the extent that the allegations contained in paragraph 68 pertain to defendants other than Defendants, no response is required.  To the extent that a response may be required, the policies are writings which speak for themselves and the "best evidence" of the terms thereof.  The attempted characterizations of these writings, and/or the incomplete terms of said writings set forth and averred by the Plaintiff are denied and strict proof thereof demanded.  By way of further answer, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68, and therefore deny them and demand strict proof thereof.  To the extent that the allegations are directed toward the Defendants, the insurance policies allegedly issued by the Defendants to the Plaintiff are writings which speak for themselves and the "best evidence" of the terms thereof.  The attempted characterizations of these writings, and/or the incomplete terms of said writings set forth and averred by the Plaintiff are denied and strict proof thereof demanded.  By way of further answer, after reasonable investigation, Defendants

are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68, and therefore deny them and demand strict proof thereof.

69.    Denied.  To the extent that the allegations contained in paragraph 69 pertain to defendants other than Defendants, no response is required.  To the extent that a response may be required, the policies are writings which speak for themselves and the "best evidence" of the terms thereof.   The attempted characterizations of these writings, and/or the incomplete terms of said writings set forth and averred by the Plaintiff are denied and strict proof thereof demanded.  By way of further answer, the allegations contained in paragraph 69 are legal conclusions to which no response is required, and the allegations are therefore denied and strict proof thereof demanded.  To the extent that the allegations are directed toward the Defendants, the insurance policies allegedly issued by the Defendants to the Plaintiff are writings which speak for themselves and the "best evidence" of the terms thereof.  The attempted characterizations of these writings, and/or the incomplete terms of said writings set forth and averred by the Plaintiff are denied and strict proof thereof demanded.  By way of further answer, the allegations contained in paragraph 69 are legal conclusions to which no response is required, and the allegations are therefore denied and strict proof thereof demanded.

70.     Denied.  To the extent that the allegations contained in paragraph 70 pertain to defendants other than Defendants, no response is required.  To the extent that a response may be required, the policies are writings which speak for themselves and the "best evidence" of the terms thereof.    The attempted characterizations of these writings, and/or the incomplete terms of said writings set forth and averred by the Plaintiff are denied and strict proof thereof demanded.  By way of further answer, the allegations contained in paragraph 70 are legal conclusions to which no response is required, and the allegations are therefore denied and strict proof thereof demanded.  To the extent that the allegations are directed toward the Defendants, the insurance policies allegedly issued by the Defendants to the Plaintiff are writings which speak for themselves and the "best evidence" of the terms thereof.  The attempted characterizations of these writings, and/or the incomplete terms of said writings set forth and averred by the Plaintiff are denied and strict proof thereof demanded.  By way of further answer, the allegations contained in paragraph 70 are legal conclusions to which no response is required, and the allegations are therefore denied and strict proof thereof demanded.

71.     Denied.  To the extent that the allegations contained in paragraph 71 pertain to defendants other than Defendants, no response is required.  To the extent that a response may be required, the policies are writings which speak for

themselves and the "best evidence" of the terms thereof.  The attempted characterizations of these writings, and/or the incomplete terms of said writings set forth and averred by the Plaintiff are denied and strict proof thereof demanded.  By way of further answer, the allegations contained in paragraph 71 are legal conclusions to which no response is required, and the allegations are therefore denied and strict proof thereof demanded.  To the extent that the allegations are directed toward the Defendants, the insurance policies allegedly issued by the Defendants to the Plaintiff are writings which speak for themselves and the "best evidence" of the terms thereof.  The attempted characterizations of these writings, and/or the incomplete terms of said writings set forth and averred by the Plaintiff are denied and strict proof thereof demanded.  By way of further answer, the allegations contained in paragraph 71 are legal conclusions to which no response is required, and the allegations are therefore denied and strict proof thereof demanded.

72.     Denied.  To the extent that the allegations contained in paragraph 72 pertain to defendants other than Defendants, no response is required.  To the extent a response may be appropriate, the allegations contained in paragraph 72 are legal conclusions to which no response is required, and the allegations are therefore denied.  By way of further answer, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 72, and therefore deny them and demand strict proof thereof.  To the extent that the allegations are directed toward the Defendants, the allegations contained in paragraph 72 are legal conclusions to which no response is required, and the allegations are therefore denied.  To the extent that a response may be appropriate, it is denied that any alleged reliance on the "asbestos-related exclusions" of the insurance policies allegedly issued by the Defendants to the Plaintiff, by any and/or all of the respective Defendants, set aside the Plaintiff's obligations to comply with the policy's or policies' conditions precedent to coverage, including the provision of timely notice of claim and/or demand for coverage.

73.    Denied.  To the extent that the allegations contained in paragraph 73 pertain to defendants other than Defendants, no response is required.  To the extent a response may be appropriate, the allegations contained in paragraph 73 are legal conclusions to which no response is required, and the allegations are therefore denied.  By way of further answer, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73, and therefore deny them and demand strict proof thereof.  To the extent that the allegations are directed toward the Defendants, the allegations contained in paragraph 73 are legal conclusions to which no response is required, and the allegations are therefore denied.  To the extent that a response

may be appropriate, Defendants repeat and reallege, and incorporate by reference, as if fully set forth at length herein, each and every allegation contained in their Counterclaim for Declaratory Judgment Against the Plaintiff, *infra*.

74.     Denied.  To the extent that the allegations contained in paragraph 74 pertain to defendants other than Defendants, no response is required.  To the extent a response may be appropriate, the allegations contained in paragraph 74 are legal conclusions to which no response is required, and the allegations are therefore denied.  By way of further answer, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74, and therefore deny them and demand strict proof thereof.  To the extent that the allegations are directed toward the Defendants, the allegations contained in paragraph 74 are legal conclusions to which no response is required, and the allegations are therefore denied.  To the extent that a response may be appropriate, Defendants repeat and reallege, and incorporate by reference, as if fully set forth at length herein, each and every allegation contained in their Counterclaim for Declaratory Judgment Against the Plaintiff, *infra*.

75.     Denied.  To the extent that the allegations contained in paragraph 75 pertain to defendants other than Defendants, no response is required.  To the extent a response may be appropriate, the allegations contained in paragraph 75 are legal conclusions to which no response is required, and the allegations are therefore

denied.  By way of further answer, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75, and therefore deny them and demand strict proof thereof.  To the extent that the allegations are directed toward the Defendants, the allegations contained in paragraph 75 are legal conclusions to which no response is required, and the allegations are therefore denied.  To the extent that a response may be appropriate, it is denied that the Defendants have breached any contractual duties and/or improperly refused to acknowledge any coverage obligations which may be or may have been owed to the Plaintiffs, and strict proof thereof is demanded.  By way of further answer, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 75, and therefore deny them and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

In response to the Plaintiff's Complaint, Defendants assert the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted against the Defendants.

## SECOND AFFIRMATIVE DEFENSE

The causes of action alleged in the Complaint are barred as to the Defendants by the doctrine of estoppel.

## THIRD AFFIRMATIVE DEFENSE

The causes of action alleged in the Complaint are barred as to the Defendants by the doctrine of waiver.

## FOURTH AFFIRMATIVE DEFENSE

The causes of action alleged in the Complaint are barred as to the Defendants by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to join parties that are indispensable and/or necessary to the adjudication of this matter.

## SIXTH AFFIRMATIVE DEFENSE

This action is barred as to the Defendants by the failure of the Plaintiff to provide adequate and/or timely notice to the Defendants, as required under the terms of their alleged policies with the Plaintiff, with regard to the underlying actions for which Plaintiff now seeks contribution and/or allocation toward defense and/or indemnification.

## SEVENTH AFFIRMATIVE DEFENSE

All conditions precedent and/or subsequent to the triggering of liability, coverage or a duty to defend, if any, under the alleged insurance policies issued by the Defendants to the Plaintiff, have not been fulfilled.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to perform all of its obligations under the policies allegedly issued by Defendants and, accordingly, Defendants are not obligated to contribute to the Plaintiff's coverage.

## NINTH AFFIRMATIVE DEFENSE

Defendants are under no duty to defend, indemnify or reimburse the Plaintiff for liability relating to the underlying suits based upon, and/or said duty is limited by, the terms, conditions, exclusions, definitions, and limitations (including applicable limits of liability) contained in the policies allegedly issued by the Defendants to the Plaintiff, and/or express provision(s) of law, and, said alleged duties are subject to any and all conditions precedent, deductibles, notice requirements, self-insured retentions, policy periods, requirements of exhaustion of other insurance, aggregates, per person and per occurrence limits of liability contained in said policies, and/or express provision(s) of law.

## TENTH AFFIRMATIVE DEFENSE

The claims asserted against the Plaintiff in the underlying suits, and/or as related in the Complaint, do not constitute "bodily injury" or "personal injury"

within the meaning of the policies allegedly issued by the Defendants to the Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

Some and/or all of the events for which coverage is sought do not constitute an "occurrence", were not an accident, were not fortuitous, contingent or unknown risks, or were events causing damages or bodily injury and/or personal injury which were "expected" or "intended" from the standpoint of the Plaintiff, as those terms are used and defined in the policies allegedly issued by the Defendants to the Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

Defendants have no duty to defend or indemnify the Plaintiff for the claims made against it in the underlying actions under the terms of the policies allegedly issued by the Defendants to the Plaintiff, because said claims come within the scope of the exclusions in said policies for liability arising from, or related to, asbestos or products containing asbestos, for asbestosis or any similar condition caused by asbestos, and for contamination, pollution and/or any other exclusion.

## THIRTEENTH AFFIRMATIVE DEFENSE

The claims asserted against the Plaintiff in the underlying suits, and/or as related in the Complaint, are barred, in whole or in part, to the extent that any of the damages alleged in the Complaint occurred prior to the inception date or after

the expiration date of any of the insurance policies allegedly issued by the Defendants to the Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

No action shall lie against the Defendants unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of the applicable, respective policies allegedly issued by the Defendants to the Plaintiff, and/or until the amount of Plaintiff's obligation to pay shall have been finally determined either by judgment against Plaintiff after actual trial, or by written agreement of the plaintiff, the claimant and the defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff, by its action and/or inaction, has or may have failed to mitigate, minimize or avoid damages, and has or may have jeopardized the subrogation rights of the Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent that the Plaintiff's acts or failures to act, which give rise to the alleged injuries or exposure to the injurious conditions referenced in its Complaint, were in violation of law and/or public policy, the claims asserted in the Complaint may be barred in whole, or in part, as to the Defendants.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent that the claims alleged in the Complaint involve statutory, civil or criminal fines or penalties, such claims asserted in the Complaint may be barred in whole or in part.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole, or in part, by the doctrine of unclean hands.

## NINETEENTH AFFIRMATIVE DEFENSE

To the extent that the claims for which coverage is sought arose out of hazards, conditions, risks or losses which were known to the Plaintiff, and/or already in progress, prior to or before the effective date/inception of any of the policies allegedly issued by any of the Defendants to the Plaintiff, all such claims are barred.

## TWENTIETH AFFIRMATIVE DEFENSE

Coverage under any of the policies allegedly issued by any of the Defendants to the Plaintiff may be barred in whole, or in part, by the reason of an "other insurance", prior insurance, and/or non-cumulation of liability clause which may be contained in said policies.  To the extent that the Plaintiff has other insurance, including self-insurance, against a loss covered by any policy, Plaintiff's claim is barred, in whole, or in part.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Coverage under any of the policies allegedly issued by any of the Defendants to the Plaintiff may be barred in whole, or in part, to the extent that the Plaintiff is precluded by collateral estoppel from litigating issues that may have been decided in prior proceedings, res judicata, judicial estoppel or issue preclusion.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole, or in part, to the extent that the Plaintiff destroyed evidence, lost evidence, allowed evidence to be lost, suppressed evidence or failed to preserve evidence, including but not limited to, the policies of insurance which are alleged to have been issued by the Defendants to the Plaintiff.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

To the extent that the Plaintiff seeks monetary recovery for fines, penalties, treble and/or punitive damages assessed against Plaintiff in the underlying actions, Plaintiff's claims are barred by the terms and conditions of the policies allegedly issued by each of the Defendants to the Plaintiff, and by public policy.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

To the extent that the Plaintiff intentionally or negligently failed to disclose, concealed or misrepresented facts material to any known or claimed risk

underwritten by the Defendants, not covered under the respective policies allegedly issued by each of the Defendants to the Plaintiff, Plaintiff's claims are barred.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendants are under no duty to defend or indemnify the Plaintiff under the respective policies allegedly issued by each of the Defendants to the Plaintiff, for liability relating to the underlying suits, to the extent that any aggregate limits or any other policy limits are exhausted, or to the extent that any deductible, self-insured retention or any primary or other applicable limits or prerequisites have not been paid by the Plaintiff and/or are not otherwise exhausted and hereby fully asserts all applicable policy limits, conditions and limitations.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The respective policies allegedly issued by each of the Defendants to the Plaintiff do not provide coverage for any defense costs or settlements that are not necessary and reasonable.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for coverage under the insurance policies allegedly issued by each of the Defendants to the Plaintiff are barred to the extent that the liability coverage limits of the primary and/or underlying insurance policies may not be properly exhausted.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that the Plaintiff has permitted the entry of default or similar judgments or has failed to adequately defend the underlying actions.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that the Plaintiff's claims seek indemnification for losses that have not yet arisen and/or for amounts that have not yet been paid.

## THIRTIETH AFFIRMATIVE DEFENSE

Defendants are entitled to the benefit of, incorporate herein by reference, and reserve the right to invoke any additional defenses available to them pursuant to the terms, conditions, definitions, exclusions, endorsements, deductibles and limits of liability of the policies and/or the underlying policies to which the insurance policies allegedly issued by the Defendants to the Plaintiff follow form.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable the Defendants to determine all of its legal, contractual and equitable defenses, Defendants reserve the right to amend and/or supplement their Answer and Affirmative Defenses to assert any and all pertinent affirmative defenses ascertained through discovery in this action.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Defendants reserve the right to rely upon and assert any applicable defenses asserted by any of the other defendants in this matter.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

During the time period when the insurance policies allegedly issued by the Defendants to the Plaintiff were allegedly in effect, the Pennsylvania Insurance Department did not require the filing of manuscript endorsements.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendants acted reasonably, appropriately and in conformance with any alleged contractual and/or statutory obligations it owed to its alleged insured.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

To the extent that the Plaintiff seeks coverage under any of the insurance policies allegedly issued to the Plaintiff by the Defendants, through an assignment of interest, coverage under the policies is barred because none of the Defendants have consented to any such assignment of interest.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff has the burden of proving the existence, terms and conditions of any and all alleged policies issued by the Defendants to the Plaintiff.  To the extent that

34

the Plaintiff fails to meet this burden, Defendants have no coverage obligations under any of the alleged insurance policies.

## DEFENDANTS' COUNTERCLAIM FOR DECLARATORY JUDGMENT AGAINST THE PLAINTIFF

Defendants, Lexington Insurance Company, Granite State Insurance Company, American International Ins. Co. and AIU Insurance Company, ("Defendants"), by and through their attorneys, Marshall, Dennehey, Warner, Coleman & Goggin, for their Counterclaim for Declaratory Judgment against Plaintiff, state as follows:

1.      Defendants repeat and reallege, and incorporate by reference, as if fully set forth at length herein, each and every allegation contained in their Answer to Plaintiff's Complaint, and Defendants' Affirmative Defenses.

2.      Plaintiff, General Refractories Company is a corporation organized under the laws of the Commonwealth of Pennsylvania and has its principal place of business located at 225 City Avenue, Bala Cynwyd, Pennsylvania 19004.

3.      Plaintiff, through its Complaint, has tendered the defense and indemnity of numerous suits ("Underlying Actions, as defined in Plaintiff's Complaint) alleging injury due to Plaintiff's sale, manufacture, and/or distribution of asbestos containing materials.   Plaintiff alleges that it engaged in the manufacture and distribution of products, including refractory products containing

asbestos, for the time period commencing in, but not limited to, the 1950s through the mid-1970s.

4.      Plaintiff has produced the following policies (hereinafter collectively referred to as  "The Policies") with respect to the allegations set forth against Defendants in Plaintiff's Complaint:

- Policy No. 6180-2501 issued by Granite State Insurance Company for the policy period August 1, 1980 to August 1, 1981;

- Policy No. 75-104480 issued by AIU Insurance Company for the policy period August 1, 1985 to August 1, 1986;

- Policy No. 5512818 issued by Lexington Insurance Company for the policy period February 1, 1979 to August 1, 1980; and

- Policy No. 552 6337 issued by Lexington Insurance company for the policy period August 1, 1984 to August 1, 1985.

5.      The Policies contain endorsements and/or policy terms and conditions entitled "asbestos exclusion".

6.      The allegations in the Underlying Actions all fall exclusively within the scope of the "asbestos exclusion" contained in each of the Policies.

7.      Other terms and conditions in the Policies preclude coverage under the Policies for the allegations set forth in the Underlying Actions.

8.     Upon information and belief, the Policies produced by Plaintiff are not the best evidence of such policies, nor are the Policies or some of them the full writings as issued by each company.

9.     Plaintiff has the burden to produce the entire Policies.

10.     Upon information and belief, other terms and conditions in the Policies, not produced by Plaintiff, preclude coverage under the Policies for the Underlying Actions.

11.     Defendants, Granite State Insurance Company, AIU Insurance Company and Lexington Insurance Company are entitled to judgment declaring that they have no duty to defend or indemnify Plaintiff in the Underlying Actions.

12.     Plaintiff has failed to produce a Policy issued by Defendant, American International Insurance Company.

13.     Plaintiff has the burden to demonstrate that American International Insurance Company issued a policy of insurance to Plaintiff.

14.      Defendant, American International Insurance Company is entitled to a declaration that it has no duty to defend or indemnify Plaintiff in the Underlying Actions.

15.     Alternatively, upon information and belief, any policies issued by Defendant, American International Insurance Company, to Plaintiff do not provide

coverage for the Underlying Actions in accordance with the terms and conditions set forth in any such policy(s).

**WHEREFORE**, answering Defendants hereby request this Honorable Court to enter judgment:

a.)     in favor of the Defendants and dismissing the Plaintiff's Complaint with prejudice;

b.)     declaring that the insurance policies allegedly entered into between Plaintiff and each of the Defendants do not obligate the Defendants to defend or indemnify the Plaintiff in connection with the underlying suits;

c.)     declaring that Defendants have no obligation to Plaintiff under the insurance policies allegedly issued by the Defendants to the Plaintiff, or to any crossclaiming defendants;

d.)     declaring that Defendants are not liable under applicable law for attorney's fees or pre-judgment or post-judgment interest or costs;

e.)     in the alternative, and in the event that any coverage duties under any of the respective Defendants' alleged polices are found (such duties having been expressly denied) declaring that the Defendant or Defendants are entitled to apportionment of liability, indemnity and/or contribution from all Other Insurer Defendants and the Plaintiff for any covered claims;

f.)     awarding Defendants attorney's fees and costs in this action; and

g.)     awarding Defendants such other and further relief as the Court deems just and proper.

## DEFENDANTS' CROSSCLAIM FOR DECLARATORY JUDGMENT AGAINST ALL OTHER CO-DEFENDANT INSURANCE CARRIERS

Defendants, Lexington Insurance Company, Granite State Insurance Company, American International Ins. Co. and AIU Insurance Company, ("Defendants"), by and through their attorneys, Marshall, Dennehey, Warner, Coleman & Goggin, for their Crossclaim for Declaratory Judgment against all other Co-Defendant insurance carriers, states as follows:

1.      For purposes of this Crossclaim only, Defendants incorporate herein by reference, without admission or adoption, the allegations of the Plaintiff's Complaint, as if fully set forth herein.

2.      Defendants repeat and reallege, and incorporate by reference, as if fully set forth at length herein, each and every allegation contained in their Answer to Plaintiff's Complaint, and Defendants' Affirmative Defenses.

3.      Defendants deny that their alleged policies of insurance provide coverage for the alleged losses or that they breached any contractual provisions of said policies or that they are in any way liable to the Plaintiff.

4.      If it is determined that any and/or all of the Defendants have any defense and/or indemnity obligations to the Plaintiff in this action, which

obligations have been and are specifically denied, then Defendant's and/or Defendants' obligation or obligations may be subject to and limited by the obligations of the other defendants in this action, First State Insurance Co.,

Westport Insurance Corporation, Centennial Insurance Company, Hartford Accident and Indemnity Co., Government Employees Insurance Co., Republic Insurance Company, Sentry Insurance Company, Harbor Insurance Company, St. Paul Travelers, American Empire Insurance Co., ACE USA and One Beacon America Insurance Company (collectively "Other Insurer Defendants"), who may be liable over to each and/or any of the respective Defendants, by way of contribution, indemnity and allocation in accord with common law and the "other insurance" provisions of the insurance policies allegedly issued by the Defendants to the Plaintiff.

5.    Defendants seek a declaration that Plaintiff is not entitled to defense or indemnity under the insurance policies allegedly issued by the Defendants to the Plaintiff.  However, to the extent that the Court should conclude that the Plaintiff is entitled to either a defense or indemnity under any of their policies, Defendants seek a declaration that it/they are entitled to contribution and/or rights of allocation from the Other Insurer Defendants.

**WHEREFORE**, answering Defendants hereby request this Honorable Court to enter judgment:

a.)   in favor of the Defendants and dismissing the Plaintiff's Complaint with prejudice;

b.)   declaring that the insurance policies allegedly entered into between Plaintiff and each of the Defendants do not obligate the Defendants to defend or indemnify the Plaintiff in connection with the underlying suits;

c.)   declaring that Defendants have no obligation to Plaintiff under the insurance policies allegedly issued by the Defendants to the Plaintiff, or to any crossclaiming defendants;

d.)   declaring that Defendants are not liable under applicable law for attorney's fees or pre-judgment or post-judgment interest or costs;

e.)   in the alternative, and in the event that any coverage duties under any of the respective Defendants' alleged polices are found (such duties having been expressly denied) declaring that the Defendant or Defendants are entitled to apportionment of liability, indemnity and/or contribution from all Other Insurer Defendants and the Plaintiff for any covered claims;

f.)   awarding Defendants attorney's fees and costs in this action; and

g.)     awarding Defendants such other and further relief as the Court deems just and proper.

Marshall, Dennehey, Warner, Coleman & Goggin
*Attorneys for Defendants, Lexington Insurance Company, Granite State Insurance Company, American International Ins. Co., & AIU Insurance Company*

By:   *Eric A. Fitzgerald* _____
Eric A. Fitzgerald, Esquire
Pennsylvania I.D. No.:  72590

1845 Walnut Street
Philadelphia, PA  19103
(215) 575-2688

*William K. Conklin* _____
William K. Conklin, Esquire
Pennsylvania I.D. No.: 75881

1845 Walnut Street
Philadelphia, PA  19103
(215) 575-2600

Dated:     November 1, 2004.

## ANSWER TO CROSSCLAIMS

Defendants, by way of answer to any crossclaims that have been or may be asserted against each and every one of them, hereby denies each and every allegation thereof.

> Marshall, Dennehey, Warner, Coleman & Goggin
> *Attorneys for Defendants, Lexington Insurance Company, Granite State Insurance Company, American International Ins. Co., & AIU Insurance Company*

By: *Eric A. Fitzgerald* _____
Eric A. Fitzgerald, Esquire
Pennsylvania I.D. No.:  72590

1845 Walnut Street
Philadelphia, PA  19103
(215) 575-2688

*William K. Conklin* _____
William K. Conklin, Esquire
Pennsylvania I.D. No.: 75881

1845 Walnut Street
Philadelphia, PA  19103
(215) 575-2600

Dated:       November 1, 2004.

## <u>CERTIFICATE OF SERVICE</u>

Marshall, Dennehey, Warner, Coleman & Goggin
*Attorneys for Defendants, Lexington Insurance Company, Granite State Insurance Company, American International Ins. Co., & AIU Insurance Company*

By:  <u>*Eric A. Fitzgerald*</u>
Eric A. Fitzgerald, Esquire
Pennsylvania I.D. No.:  72590

1845 Walnut Street
Philadelphia, PA  19103
(215) 575-2688

<u>*William K. Conklin*</u>
William K. Conklin, Esquire
Pennsylvania I.D. No.: 75881

1845 Walnut Street
Philadelphia, PA  19103
(215) 575-2600

Dated: November 1, 2004.