IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **General Refractories Company**<br><br>    **Plaintiff,**<br><br>    **v.**<br><br>**First State Insurance Company, et al.**<br><br>    **Defendants.** | **Civil Action No. 04-CV-3509-EL** |

**ORDER**

**AND NOW**, this ____ day of _____, 2005, upon consideration of Certain Defendant's Motion to Compel Plaintiff to Identify All Insurers That May Be Required to Provide Coverage for the Underlying Actions, and supporting papers, and the Opposition Memorandum of Plaintiff, General Refractories Company, and supporting papers, it is hereby **ORDERED** that the Motion is **DENIED** in all respects and that the Plaintiff is granted its costs, including its attorneys fees, with respect to its opposition to such motion.

BY THE COURT:

_____
Edmund V. Ludwig, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **General Refractories Company**<br><br>Plaintiff,<br><br>v.<br><br>**First State Insurance Company, et al.**<br><br>Defendants. | **Civil Action No. 04-CV-3509-EL** |

**PLAINTIFF'S MEMORANDUM OF LAW
IN OPPOSITION TO CERTAIN DEFENDANTS'
MOTION TO COMPEL PLAINTIFF TO IDENTIFY
ALL INSURERS THAT MAY BE REQUIRED TO
PROVIDE COVERAGE FOR THE UNDERLYING ACTIONS**

**Preliminary Statement**

Plaintiff, General Refractories Company (hereinafter "GRC") has filed this declaratory judgment and breach of contract claim against certain of its insurance carriers. The basic controversy in this case is whether each of the defendants' insurance policies have valid exclusions relating to coverage for asbestos-related diseases. GRC determined which policies with purported asbestos exclusions it would challenge, and the entities issuing those policies (or that were responsible for them) were made defendants in this case.

After the case began, and long before required to do so by Rule 26, Federal Rules of Civil Procedure, GRC provided its initial disclosures pursuant to Rule 26 to the defendants. In this regard, GRC provided to the defendants not only the identity and location of documents required to be disclosed, but actually provided copies of various documents that GRC had obtained from the Pennsylvania Insurance Department, as well as copies of the policies involved in this lawsuit. This disclosure was made on

2

December 28, 2004.  (<u>See</u>  Exhibit B to April 15, 2005 Certification of Francis P. Maneri ("Maneri Certification").

Prior to the instant motion, GRC received one objection to its Rule 26 disclosures from the moving defendants.  It is attached to the Certification of Barry L. Katz ( the "Katz Certification" ) as Exhibit A.  It nowhere mentions all the general liability insurance policies which are the basis for this motion.  At the Rule 16 conference held by this Court on March 31, 2005, certain defendants raised for the first time the specific purported inadequacies of GRC's Rule 26 disclosures that is the subject of the instant Motion.  GRC believes that the present motion is wholly without merit and it appears to be the beginning of concerted effort by certain of the defendants to harass GRC, and increase the costs of litigation, with the apparent goal being to effectively litigate GRC into submission.  As set forth below, the asserted reasons advanced by the defendants are wholly without merit.

## ARGUMENT

### 1.    The Standards For Disclosure Under Rule 26(a)(1)(A), (B) And (D)

In their legal argument, defendants cite to no cases and no provisions of Rule 26, with the exception of quoting Rule 26(a)(D) [sic] and misleadingly referring to Rule 26(a)(B) [sic].  Rule 26(a)(1)(D) has nothing to do with the type of information sought by the defendants.  That Rule relates to insurance policies issued <u>to</u> <u>defendants</u> who may have insurance that covers any part of a judgment which may be entered in the action against them.  The commentary to this Rule,  and its predecessor Rule (which was subdivision (b)(2)), establish that it was intended to cover the <u>defendant's</u> liability insurance coverage.  Thus, while this provision covers, for example, reinsurance policies

3

issued to the defendants, it does not cover other policies that were issued to GRC.[1]  See also discussion infra at page 7 herein.

With respect to Rule 26(a)(1)(B), this rule requires that a party only disclose documents which it may use to support its claims.  Rule 26(a)(1) is intended to accelerate the exchange of basic information at an early stage of discovery, but it is not to be used as a mechanism for obtaining information appropriately reserved for discovery pursuant to Rule 26(a)(3) or the other appropriate Federal Rules relating to discovery. See  e.g. U.S. v. Merck – Medco Managed Care, LLC, 23 F.R.D. 330, 335 (E. D. Pa. 2004).

In this regard, it should be noted the defendants seek the identity of "all of the insurers from which [GRC] obtained general liability insurance".  See Maneri Certification at ¶5. This request is not limited in time, nor in any other manner.  Thus, although the defendants rely upon alleged gaps in coverage, and the purported lack of certain information as to certain underlying coverage, they actually seek much more than this limited information.  In any event, when one looks at the purported reasons for their demands, it is readily apparent that none of their assertions seek disclosure of documents required by Rule 26(a)(1).

   **2.    GRC Has Provided The Required Disclosures**.

The first purported basis for the defendants' demand for all liability insurance policies is set forth in the first full paragraph on page 6 of the defendants' Memorandum, where they state that "the Policies are discoverable and directly relevant to the claims and defenses in this action."  The defendants then reference Rule 26(a)(B) [sic].

---

[1] It should be noted that none of the defendants provided any information in their Rule 26 disclosures as to any insurance they purchased (typically referred to as reinsurance) for the policies they sold to GRC. (The Rule 26 disclosures of the moving defendants is Exhibit B to the Katz Certification). They were required to do this.  See Rhone-Poulenc Rover, Inc. v. Home Indemnity Co., 1991 WL 237636 at *2, 24 Fed. R. Serv. 3d 762 (E.D. Pa. 1991) (involving the predecessor Rule to Rule 26(a)(1)(D) and requiring reinsurance disclosure).  Several of the

However, Rule 26(a)(1)(B) does not require that all documents which are discoverable and directly relevant to claims and defenses be produced. All that Rule 26(a)(1)(B) requires is production or description by category of documents which may be used <u>to support</u> the plaintiff's claims. Thus, while defendants have referred to the standard for discovery within the scope of Rule 26(b), discoverability and relevance is not the standard of Rule 26(a)(1)(B).

The second basis advanced by the defendants is set forth in the second full paragraph on page 6 of their Memorandum, where they claim that certain policies that sit above "missing policies" contain standard following form language. Defendants then claim that without the underlying missing policy language, it is not possible for this Court or the parties to ascertain the terms and conditions of the excess policies that follow form to the underlying missing policies. However, although the defendants admit that the plaintiff gave them copies of all the policies that are at issue in this case, they fail to identify or provide to this Court the policies which purport to contain the standard following form language. Indeed, the most they do is to misleadingly quote from <u>one</u> policy, the Puritan policy, which is set forth on page 5 of their Memorandum, and at ¶ 7 of the Maneri Certification, but not provided to this Court.[2] GRC has reviewed each of the policies at issue in this case. Of those, only one policy that contains following form language was issued by a defendant that is making this Motion – Centennial[3]. That policy provides as follows:

> 2. Except as may be otherwise stated in this Certificate, the coverage provided by this Certificate shall follow the insuring agreements, conditions and exclusions of the underlying insurance (whether primary or excess) <u>immediately</u> <u>preceding</u> the layer

---

counsel for the defendants in this case were involved in that case and are thus aware of this requirement.
[2] Interestingly, Puritan is not party to this Motion.
[3] Harbor, now Continental, also has following form general language, but as to asbestos the policy has its own exclusionary language.

5

>of coverage provided by this Certificate,
>including any change by endorsements.

(A copy of this policy is Exhibit C to Katz Certification). The policy to which the Centennial policy is immediately above is a First State policy, which has been provided to the defendants. (Katz Certification at ¶ 5). Thus, the one following form policy issued by a defendant involved in this Motion has been provided disclosure of the applicable underlying policy.

In addition, the portion of the Puritan policy quoted by the defendants refers to the incorporation of only those exclusions "except as otherwise provided herein." Maneri Certification at ¶ 7. What the defendants inexplicably do not provide to this Court is the page of the Puritan policy that specifically incorporates the "Asbestosis Exclusion" of the First State policy. (See Exhibit D to the Katz Certification at p. 3[4]). In addition, the language quoted by the defendants also <u>only</u> incorporates (except as otherwise provided) the "Underlying Umbrella Policies stated in Item 2 of the Declarations". (See Maneri Certification at ¶ 7). However, Item 2 of the Declarations, also not provided to this Court, states that the Underlying Umbrella Policies is <u>solely</u> the First State Policy. (See Exhibit D to the Katz Certification at p. 9). The First State policy has been provided to the defendants. (Katz Certification at ¶ 5).

Moreover, it is the burden of a defendant to show the applicability of any exclusion incorporated into its policy. <u>See</u> <u>e.g.</u> <u>Madison Construction Co. v. Harleysville Mutual Ins. Co.</u>, 557 Pa. 595, 605, 735 A.2d 100 (1999). Thus, it is not GRC's burden to prove that the exclusionary language of policies which may be incorporated into another policy is not valid or effective, but it is part of that defendants' burden to prove that exclusion is applicable to its policy. Therefore, since the underlying policies are not necessary for GRC to support its claims, disclosure pursuant to Rule 26(a)(1)(B) is not

---

[4] The pages have been paginated by GRC.

required. Moreover, even if the defendants were somehow correct in this assertion, at most GRC would be required to identify those policies which underlie policies which have following form language, and not every single liability policy ever sold to GRC.

Finally, although the moving defendants allege that there are missing policies underlying certain of their policies, none of the moving defendants in their Rule 26 disclosures specifically refer to any of the policies to which they sit above. (See Exhibit B to Katz Certification). Therefore, to the extent that any defendant purports to assert as a defense that exclusionary language in any of its underlying policies (or the failure to exhaust underlying policies) has not been satisfied, the moving defendants disingenuously do not provide any Rule 26 disclosure or reference to any of these policies. Moreover, to the extent that the defendants assert claims for contribution and/or indemnity, they must also provide disclosure with respect to these claims. In this regard, all but two of the moving defendants have not only denied the claims in this case, but have cross-claimed against all the other defendants. In addition, each and every one of the defendants is subject to cross claims for contribution and indemnity from the other carriers in this case. Irrespective, none of the moving defendants have referred to any specific policy other than their own policy in their Rule 26(a)(1) disclosures. (See Exhibit B to Katz Certification).

Defendants' third basis for seeking disclosure of all general liability policies issued to GRC, also on page 6 of their Memorandum, is their claim that proof of exhaustion of the missing policies is required before the policies that sit above those missing policies could be triggered. Defendants cite to no legal authorities to support this claim. Indeed, the defendants admit that GRC has neither alleged nor proven that these unidentified missing policies have been exhausted. (See Def. Memo at p.6) If GRC has not even alleged that the missing policies have been exhausted, then GRC obviously does not believe it must prove such exhaustion. Should GRC determine that it

believes that at some point it must prove underlying exhaustion of any particular policy, it will provide such information to the defendants.

The fourth and last purported basis for defendants' Motion, also at page 6 of their Memorandum, is the claim that this information "…is necessary to identify insurers who may also be liable to provide coverage to GRC, and who may be liable for contribution and/or indemnification with respect to payments made to satisfy a judgment in this matter." In this regard, the defendants appear to be relying upon Rule 26(a)(1)(D), which relates to insurance policies that might be issued to the defendants to cover their liability, such as reinsurance agreements, but does not relate to each and every insurance policy issued to the plaintiff which may be liable over to one of the defendants for contribution and/or indemnification. See supra at page 3 and Note 1. In addition, the issue of other insurance was fully briefed by GRC with respect to its Rule 19 submission to this Court, which arguments GRC incorporates herein by reference. Should the defendant insurance companies believe that they are entitled to seek contribution and/or indemnification from other carriers/defendants, the appropriate time to assert such claims is in the pleadings in this case (which many have done, but only as to other defendants), to provide their Rule 26(a)(1) disclosures as to their claims (which none of them have specifically done) and to seek discovery not pursuant to Rule 26(a)(1), but pursuant to the other applicable Federal Rules.

## CONCLUSION

Based upon the foregoing, it is apparent that the Motion by the defendants for disclosure pursuant to Rule 26(a)(1) was not made in good faith or with a reasonable basis. Indeed, what is evident from their Motion is that they are the ones that have violated Rule 26(a)(1), and that they have already described by category each and every one of the documents to which they believe they are entitled. Thus, they have the description required by Rule 26(a)(1)(B). In addition, as to location, the only place that

these documents would be to the extent they were in the possession, custody or control of GRC would be with GRC or its counsel. Finally, their own disclosures are inconsistent with their assertions and they have not complied with Rule 26(a)(1).

GRC has moved forward with this case in a prompt and reasonable manner. GRC provided its initial disclosures pursuant to Rule 26 months before they were due. In January, 2005 GRC also served its initial discovery requests on the defendants. The defendants are already seeking to unreasonably delay this case, and harass the plaintiff into submission. Therefore, it is respectfully submitted the defendants' Motion be denied in all respects, and that GRC be granted its costs, including its attorneys fees, in having to respond to this Motion.

Respectfully submitted,

_____/s/_____
Barry L. Katz
Attorney for Plaintiff,
General Refractories Company
225 City Avenue, Suite 14
Bala Cynwyd, PA 19004
(610) 660-8806
(610) 660-8817 – facsimile
BarrylKatz@aol.com

Dated: April 29, 2005

9

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **General Refractories Company**<br><br>　　　**Plaintiff,**<br><br>　v.<br><br>**First State Insurance Company, et al.**<br><br>　　　**Defendants.** | **Civil Action No. 04-CV-3509-EL** |

**CERTIFICATION OF COUNSEL**

Barry L. Katz, hereby certifies as follows:

1. I am an attorney at law admitted to practice in the Commonwealth of Pennsylvania and the Eastern District of Pennsylvania, and am attorney for the Plaintiff, General Refractories Company ("GRC"), in this matter. I am familiar with the facts set forth herein.

2. Attached hereto as Exhibit A is a letter from Bradley J. Mortensen of Christie, Pabarue, Mortensen & Young to me dated February 2, 2005.

3. Attached hereto as Exhibit B are the Rule 26(a)(1) disclosures of the moving defendants.

5. Attached hereto as Exhibit C is a copy of the Centennial Policy from GRC's files. The policy immediately underneath this policy is a First State policy, which was produced to the defendants as part of GRC's Rule 26 disclosures.

10

6. Attached hereto as Exhibit D is a copy of the Puritan Policy from GRC's files, paginated at the bottom by me.

                              /s/
                         Barry L. Katz
                         225 City Avenue, Suite 14
                         Bala Cynwyd, PA 19004
                         Atty. I.D. 58662

Dated: April 29, 2005                  (610) 660 8806

# CERTIFICATE OF SERVICE

I, Barry L. Katz, hereby certify that on this date, I have served a true and correct copy of the attached pleading via electronic delivery and U.S. mail, addressed as follows:

C. Lawrence Holmes, Esquire
Frank Maneri, Esquire
James J. Rogers, Esquire
Thomas Vecchio, Esquire
Dilworth Paxson, LLP
3200 Mellon Bank Center
1735 Market Street
Philadelphia, PA 19103-7595

Paul M. Hummer, Esquire
J. Monahan, Esquire
Saul Ewing, LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102-2186

Paul M. Quinones, Esquire
Ernest J. Bernabei, III, Esquire
Harvey Pennington
1835 Market Street
29th Floor
Philadelphia, PA 19103-2989

Samuel J. Arena, Esquire
Kimberly A. Hendrix, Esquire
Stradley Ronon
2600 One Commerce Square
Philadelphia, PA 19103-7098

Karen H. Moriarty, Esquire
Kevin E. Wolff, Esquire
Coughlin Duffy
350 Mount Kemble Avenue
P.O. Box 1917
Morristown, NJ 07962-1917

Peter Rosenthal, Esquire
Marjorie Weiss, Esquire
Patricia B. Santelle, Esquire
White and Williams, LLP
1800 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Daniel C. Cedrone, Esquire
Bradley Mortensen, Esquire
Miles E. Twaddell, Esquire
Christie Pabarue
1880 JFK Boulevard
10th Floor
Philadelphia, PA 19103

Wendy Koch, Esquire
Koch & Corboy
101 Greenwood Avenue
Suite 460
Jenkintown, PA 19046

William K. Conklin, Esquire
Chester F. Darlington, Esquire
Eric A. Fitzgerald, Esquire
Marshall, Dennehey, Warner
1845 Walnut Street
Philadelphia, PA 19103

Elit R. Felix, II, Esquire
Margolis Edelstein
The Curtis Center, 4th Floor
601 Walnut Street
Philadelphia, PA  19106-3304

William J, Bowman, Esquire
H. Christopher Bartolomucci, Esquire
Ann M. Ungvarsky, Esquire
Hogan & Hartson, LLP
555 Thirteenth Street, NW
Washington, DC 20004

James F. McNaboe, Esquire
Cortner McNaboe Colliau & Elenius
1100 Cornwall Road, 1st Fl. South
P.O. Box 904
Monmouth Junction, NJ 08852

M. Paul Gorfinkel, Esquire
Tara Staggs, Esquire
Rivkin Radler, LLP
EAB Plaza
Uniondale, NY 11555-0111

Jennifer A. Gallagher, Esquire
Daniel I. Schlessinger, Esquire
Lord, Bissell & Brook, LLP
115 South LaSalle Street, Ste. 2900
Chicago, IL 60603

Wendy E. Schultz, Esquire
Lynberg & Watkins, P.C.
International Tower Plaza
16th Floor
888 South Figueroa Street
Los Angeles, CA 90017

       /s/
Barry L. Katz, Esquire
Attorney for Plaintiff
Atty. I.D. No. 58662

Dated: April 29, 2005