**CENTENNIAL INSURANCE COMPANY**
45 Wall Street, New York, N.Y.

**CERTIFICATE OF EXCESS INSURANCE**        **CERTIFICATE NO:** 462-01-96-10

IN CONSIDERATION OF THE PAYMENT OF THE PREMIUM AND SUBJECT TO THE DECLARATIONS, TERMS AND CONDITIONS HEREOF, THE COMPANY DOES HEREBY INSURE:

**DECLARATIONS**

ITEM 1. NAMED INSURED: GENERAL REFRACTORIES COMPANY
P.O. ADDRESS: 50 MONUMENT ROAD, BALA CYNWYD, PENNSYLVANIA 19004

ITEM 2. CERTIFICATE PERIOD: FROM: 8/1/79    TO: 8/1/80
12:01 A.M. Standard time at the address of the named insured as stated herein

ITEM 3. PREMIUM PAYABLE: $ 5,000.    Total Premium    Adjustable at a Rate of _____ Per _____

Subject to Annual Minimum Premium $_____

ITEM 4. UNDERLYING INSURANCE:

TWENTY MILLION DOLLARS ($20,000,000.) COMBINED SINGLE LIMIT EACH OCCURRENCE/ANNUAL AGGREGATE, EXCESS OF PRIMARY.

ITEM 5. DESCRIPTION OF COVERAGE – LIMITS OF LIABILITY HEREUNDER:

FIVE MILLION DOLLARS ($5,000,000.) COMBINED SINGLE LIMIT EACH OCCURRENCE/ANNUAL AGGREGATE EXCESS OF TWENTY MILLION ($20,000,000.) COMBINED SINGLE LIMIT EACH OCCURRENCE/ANNUAL AGGREGATE, EXCESS OF PRIMARY

| PREVIOUS CERTIFICATE NO: 462-01-88-99 | PRODUCER: ROLLINS BURDICK HUNTER OF PA. |

DATE        COUNTERSIGNED BY _____        AUTHORIZED SIGNATURE

## TERMS AND CONDITIONS

### INSURING AGREEMENTS

1. The Company hereby indemnifies the Insured against ultimate net loss in excess of and arising out of the hazards covered and as defined and in excess of the underlying insurance as shown in Item 4 of the Declarations (hereinafter referred to as "underlying insurance") but only up to an amount not exceeding the limit(s) shown in Item 5 of the Declarations.

2. Except as may be otherwise stated in this Certificate, the coverage provided by this Certificate shall follow the insuring agreements, conditions and exclusions of the underlying insurance (whether primary or excess) immediately preceding the layer of coverage provided by this Certificate, including any change by endorsements. The Company shall be notified of any change in coverage or premium in such underlying insurance and copies thereof shall be furnished to the Company upon request.

3. The limits of the underlying insurance shall be maintained in full effect during the currency of this Certificate except for reduction of such limits by exhaustion of aggregate limits (if any) contained therein solely by payment of claims resulting from accidents or occurrences happening during the period thereof. Failure of the Insured to comply with the foregoing shall not invalidate this Certificate, but in the event of such failure the Company shall be liable only to the extent that it would have been liable had the Insured complied therewith.

4. Unless aggregate limits are specifically stated in Items 4 and 5 of the Declarations, the coverage provided by this Certificate applies only with respect to each accident or occurrence for limits in excess of the amount provided for same in the underlying insurance and does not apply over any reduced amount of underlying insurance in the event of the exhaustion or reduction of aggregate limits (if any) in the underlying insurance.

5. If aggregate limits are specifically stated in Items 4 and 5 of the Declarations, this Certificate will apply in excess of reduced underlying insurance, provided such reduction in the underlying insurance is solely the result of accidents or occurrences happening after the inception date of this Certificate. The Insured shall give the Company written notice as soon as possible of any reduction or exhaustion of such aggregate limit in the underlying insurance.

6. If more than one insured is named in the Declarations, such additional Insured(s) shall not have the effect of increasing the Company's limit of liability for each accident or occurrence stated in Item 5 of the Declarations.

### PREMIUM

7. Premium due the Company for this excess insurance shall be that amount shown in Item 3 of the Declarations and is payable upon delivery of this Certificate.

### NOTICE OF LOSS

8. The Insured shall immediately advise the Company of any accident or occurrence which appears likely to result in liability under this Certificate and of subsequent developments likely to affect the Company's liability hereunder. At no time shall the Company be called upon to assume charge of the settlement or defense of any claims made or suits brought or proceedings instituted against the Insured, but the Company shall have the right and shall be given the opportunity to associate with the Insured or its underlying insurer or insurers, or both, in the control, defense and/or trial of any claims, suits or proceedings which, in the opinion of the Company involves or appears reasonably likely to involve the Company. If the Company avails itself of such right or opportunity, the Insured, any underlying insurer or insurers and the Company shall cooperate in the control, defense and/or trial of such claims, suits or proceedings, so as to affect a final determination thereof. Failure on the part of the Insured to cooperate shall relieve the Company, at its option, of liability under this Certificate.

9. The Insured shall be solely responsible for the investigation, settlement, defense and final disposition of any claim made or suit brought or proceeding instituted against the Insured to which this Certificate would apply and which no underlying insurer or insurers is obligated to defend. The Insured shall use due diligence and prudence to settle all such claims and suits which in the exercise of sound judgment should be settled, provided, however, that the Insured shall not make or agree to any settlement for any sum, in excess of the underlying insurance, without the approval of the Company.

10. The Insured shall (a) cooperate with the underlying insurer or insurers, as required by the terms of the underlying insurance, (b) comply with all the terms and conditions thereof and (c) enforce any right of contribution or indemnity against any person or organization who may be liable to the Insured, because of liability with respect to which insurance is afforded under this Certificate and the underlying insurance.

### LOSS PAYABLE

11. The Company's obligation to pay any ultimate net loss and costs with respect to any accident or occurrence falling within the terms of this Certificate shall not attach until the amount of the applicable underlying limit has been paid by or on behalf of the Insured on account of such accident or occurrence. The Insured shall make claim for any ultimate net loss and costs under this Certificate as soon as practical after, (a) the Insured shall have paid ultimate net loss in excess of the underlying limit, with respect to any accident or occurrence, or (b) the Insured's obligation to pay such amounts shall have been finally determined, either by judgment against the Insured after actual trial or by written agreement of the Insured, the claimant and the Company.

### ULTIMATE NET LOSS AND COSTS

12. "Ultimate net loss", as used herein, shall be understood to mean the sums paid in settlement of losses for which the Insured is liable after making deductions for all recoveries, salvages and other insurances (other than recoveries under the underlying insurance, policies of co-insurance, or policies specifically in excess hereof), whether recoverable or not, and shall exclude all "costs".

13. The word "costs", as used herein, shall be understood to mean interest on judgments, investigation, adjustment and legal expenses including taxes, court costs and premiums on bonds, for which the Insured is not covered by the underlying insurance excluding, however, (a) all expenses for salaried employees and counsel on general retainer, (b) all office expenses of the Insured, and (c) regular fees paid to counsel on general retainer.

14. Costs incurred by the insured, with the written consent of the Company, shall be apportioned as follows:

   (a) in the event of claim or suit arising which appears likely to exceed the underlying insurance limit or limits, no costs shall be incurred by the Insured without the written consent of the Company.

   (b) should such claim or suit be settled previous to going into court for not more than the underlying insurance limit or limits, then no costs shall be payable by the Company.

   (c) should, however the sum for which the said claim or suit may be settled exceed the underlying insurance limit or limits, then the Company, if it approves such settlement or consents to the proceedings continuing, shall contribute to the costs incurred by the Insured in the ratio that its proportion of the ultimate net loss as finally adjusted bears to the whole amount of such ultimate net loss.

   (d) in the event the Insured elects not to appeal a judgment in excess of the underlying insurance limit or limits, the Company may elect to conduct such appeal at its own cost and expense and shall be liable for the taxable court costs and interest incidental thereto, but in no event shall the total liability of the Company exceed its limit or limits of liability as stated above, plus the costs of such appeal.

   (e) in the event a judgment is rendered in excess of the underlying insurance limit or limits and the underlying insurer or insurers elect to appeal such judgment, the duty of obtaining an appeal bond in regard to liability in excess of the underlying insurance limit or limits shall rest with the Insured and its underlying insurer or insurers.

## SUBROGATION AND SALVAGE

15. All salvages, recoveries or payments recovered or received subsequent to a settlement under this Certificate shall be applied as if recovered or received prior to such settlement and all necessary adjustments shall then be made between the Insured and the Company, provided always that nothing in this clause shall be construed to mean that losses under this Certificate are not recoverable until the Insured's ultimate net loss has been finally ascertained.

16. Inasmuch as this Certificate is Excess Insurance, the Insured's right of recovery against any person cannot be exclusively subrogated to the Company. It is, therefore, understood and agreed that in case of any payment hereunder, the Company will act in concert with all other parties (including the Insured) concerned, in the exercise of such rights of recovery. The apportioning of any amounts which may be so recovered shall follow the principle that any parties (including the Insured) that shall have paid an amount over and above any payment hereunder, shall first be reimbursed up to the amount paid by them, the Company is then to be reimbursed out of any balance then remaining up to the amount paid hereunder; lastly the parties (including the Insured) of whom this coverage is in excess are entitled to claim the residue, if any. Expenses necessary to the recovery of any such amounts shall be apportioned between the parties (including the Insured) concerned, in the ratio of their respective recoveries as finally settled.

17. Nothing herein contained shall be construed to mean that the Insured shall be required to enforce by legal action any right of subrogation or indemnity before the Company shall pay any loss covered hereunder.

## TERM

18. The Certificate applies only to accidents or occurences happening during the certificate period shown in Item 2 of the Declarations, unless otherwise cancelled.

## NUCLEAR INCIDENT EXCLUSION

19. It is agreed that this Certificate does not apply:

   I. Under any Liability Coverage, to injury, sickness, disease, death or destruction

   (a) with respect to which an insured under this Certificate is also an Insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters or Nuclear Insurance Association of Canada, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

   (b) resulting from the hazardous properties of nuclear material and with respect to which (1) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (2) the insured is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

   II. Under any Liability Coverage, to injury, sickness, disease, death or destruction resulting from the hazardous properties of nuclear material, if

   (a) the nuclear material (1) is at any nuclear facility owned by, or operated by or on behalf of, an insured or (2) has been discharged or dispersed therefrom;

(b) the nuclear material is contained in spent fuel or waste at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of any insured; or

(c) the injury, sickness, disease, death or destruction arises out of the furnishing by an insured of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any nuclear facility, but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (c) applies only to injury to or destruction of property at such nuclear facility.

III. As used herein:

"hazardous properties" include radioactive, toxic or explosive properties; "nuclear material" means source material, special nuclear material or byproduct material; "source material", "special nuclear material", and "byproduct material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof; "spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a nuclear reactor; "waste" means any waste material (1) containing byproduct material and (2) resulting from the operation by any person or organization of any nuclear facility included within the definition of nuclear facility under paragraph (a) or (b) thereof; "nuclear facility" means

(a) any nuclear reactor,

(b) any equipment or device designed or used for (1) separating the isotopes of uranium or plutonium, (2) processing or utilizing spent fuel, or (3) handling, processing or packaging waste,

(c) any equipment or device used for the processing, fabricating or alloying of special nuclear material if at any time the total amount of such material in the custody of the insured at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235,

(d) any structure, basin, excavation, premises or place prepared or used for the storage or disposal of waste,

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations; "nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;

With respect to injury to or destruction of property, the word "injury" or "destruction" includes all forms of radioactive contamination of property.

## CANCELLATION

20. This Certificate may be cancelled at any time at the written notice of the Insured or may be cancelled by or on behalf of the Company provided thirty (30) days written notice is given to the Insured at the address shown in the Declarations. The mailing of notice as aforesaid shall be sufficient proof of notice. The effective date of cancellation stated in the notice shall become the end of the certificate period. However, in the event of cancellation or non-renewal of the underlying insurance immediately preceding this Certificate, this Certificate terminates as of the same date without notice to the Insured. If the Insured cancels, earned premium shall be computed on a short rate basis, and if cancelled by the Company, adjustment shall be pro-rata. Notice by the Company to the first named Insured, if more than one, shall be deemed notice to any other interests included as an Insured.

**IN WITNESS WHEREOF** The Company has caused this Certificate to be signed by its President and Secretary, but same shall not be binding upon the Company unless countersigned on the Declarations page by an authorized representative of the Company.

*[signature]*  
**President**

*[signature]*  
**Secretary**