IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GENERAL REFRACTORIES COMPANY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| FIRST STATE INSURANCE CO., et al. | : | No. 04-3509 |
| (Lexington Insurance Company) | : | |
| (AIU Insurance Company) | : | |

**MEMORANDUM**

Ludwig, J.                                                                                          June 20, 2011

This action was remanded by our Court of Appeals upon reversal of order of September 27, 2005 that dismissed the action for lack of necessary parties, 500 F.3d 306 (2007). The statement of facts set forth in the appellate decision is incorporated here by reference.

In this litigation, plaintiff General Refractories Company sues 14 insurance carriers for a declaration of excess insurance coverage against asbestos-related claims. A manufacturer and supplier of asbestos-containing products, GRC is a defendant in numerous asbestos-related suits throughout the United States. Two of those insurance carriers are Lexington Insurance Company and AIU Insurance Company.

As to each of those defendants, GRC moved for partial summary judgment (doc. nos. 277 and 278, respectively), contending that their policies of insurance did not contain an exclusion pertinent to asbestos products. Before those motions were ruled on, Lexington and AIU were permitted to amend their joint answer to add counterclaims for reformation and

1

rescission of the policies.[1] (Order, Mar. 24, 2011, doc. no. 304. Counterclaims, doc. no. 284 at 29-37.) As of June 8, 2011, GRC now moves for partial summary judgment as to those counterclaims on the same ground (doc. no. 315).

Discovery has been completed, and the following facts are not in dispute. None of the policies or a policy endorsement has an exclusion for asbestos-related claims.[2] Both defendants concede as much, but assert the intent of the parties to include such an exclusion can be shown by extrinsic evidence. That issue – whether these policies should be deemed to contain asbestos-related exclusions – is presented in GRC's third pending motion for partial summary judgment (doc. no. 315) and is deferred. Today's orders hold that there is no exclusion stated in the policies or an endorsement.

BY THE COURT:

/s/ Edmund V. Ludwig
Edmund V. Ludwig, J.

---

[1] During a conference on March 24, 2011, defendants were permitted to amend their answer to add the counterclaims, which were deemed filed that date. After the amendment had been granted, counsel requested that all three motions for partial summary judgment be ruled on. Accordingly, the motions filed before the amendment (doc. nos. 277 and 278) will be treated as though reinstated.

[2] Lexington issued to GRC policy no. 552 6337 for the period August 1, 1984 to August 1, 1985. Conley Aff., Ex. A, Doc. No. 277-4 at 3-13. AIU issued to GRC policy no. 75-103894 for the same period. Conley Aff., Ex. A, Doc. No. 278-4 at 4-5. AIU's excess policy followed the form of the Granite State Insurance Company policy no. 6484-0088, an umbrella policy. A follow-form policy is one that incorporates certain terms and conditions of a lower level policy. See, e.g., Lexington Ins. Co. v. W. Pa. Hosp., 423 F.3d 318, 321-22 (3d Cir. 2005). The Granite State policy was also issued to GRC for the period August 1, 1984 to August 1, 1985. Conley Aff., Ex. D, Doc. No. 277-4 at 49-60.