IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GENERAL REFRACTORIES COMPANY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| FIRST STATE INSURANCE CO., et al. | : | No. 04-3509 |

**MEMORANDUM**

Ludwig, J.                                                                                                                                             April 13, 2012

      Defendants Hartford Accident and Indemnity Company and First State Insurance Company move for reconsideration of the order and memorandum entered on February 22, 2012. See General Refractories Company v. First State Insurance Company, No. 04-3509, fn. 1 for decision and case history (doc. no. 417). Jurisdiction is diversity. 28 U.S.C. § 1332.

      Defendants Hartford's and First State's reconsideration motion (doc. no. 423) asserts that the court erred by giving weight to the affidavit of a Pennsylvania deputy insurance commissioner in ruling that GRC had met its burden to oppose summary judgment. Furthermore, inasmuch as that ruling was "outcome determinative," the court erred in denying Hartford's and First State's cross-motion for partial summary judgment. Defs. br. at 2, 6, 7, doc. no. 243-1. They acknowledge that reconsideration presents the same issues as argued earlier in their unsuccessful motion to strike the affidavit. Id. at 5 (citing defs. reply br. at 13-14, doc. no. 358).

      While the motion for reconsideration is styled as one under Rule 59(e), neither that Rule nor Rule 60(b)[1] applies because the February 21, 2012 order is an interlocutory decision

---

[1] Fed. R. Civ. P. 60(b) authorizes relief from "a final judgment, order, or proceeding" for "mistake, inadvertence, surprise, or excusable neglect" (60(b)(1)), "newly discovered evidence" (60(b)(2)), and "any other reason that justifies relief" (60(b)(6)), among other reasons.

that did not end the litigation on the merits of any claim.[2]  "Rule 59(e) motions require that a final judgment be issued."  Burtch v. Milberg Factors, Inc., 662 F.3d 212, 230 & n.8 (3d Cir. 2011), cert. denied, --- S. Ct. ----, 2012 WL 296904 (U.S. Apr. 2, 2012).  Yet a district court has the inherent power to reconsider interlocutory orders "'when it is consonant with justice to do so.'"  Bausch & Lomb Inc. v. Moria S.A., 222 F. Supp. 2d 616, 669 (E.D. Pa. 2002) (quoting United States v. Jerry, 487 F.2d 600, 605 (3d Cir. 1973) (citation and internal quotation marks omitted)); Fed. R. Civ. P. 54(b).[3]

Reconsideration requires one of the following:  "(1) an intervening change in the law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice."  Cottrell v. Good Wheels, No. 11-3409, --- Fed. App'x ---- , 2012 WL 171941, *3 (3d Cir. Jan. 23, 2012) (citing N. River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995)); Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 251-52 (3d Cir. 2010).  The scope of a motion for reconsideration is "extremely limited" and "[s]uch motions are not to be used as an opportunity to relitigate the case."  Blystone v.

---

[2]  "Typically, a denial of summary judgment is not a final appealable order."  Montanez v. Thompson, 603 F.3d 243, 248 (3d Cir. 2010).  "A judgment is not final unless there has been a decision by the district court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. . . . An otherwise non-appealable order is final only if there are no longer any claims left to be resolved by the district court."  Royal Ins. Co. of Am., Inc. v. KTA-Tator, Inc., 239 Fed. App'x 722, 724 (3d Cir. 2007) (citations and internal quotation marks omitted).

[3]  Fed. R. Civ. P. 54(b):  "When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court determines that there is no just reason for delay.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

2

Horn, 664 F.3d 397, 415 (3d Cir. 2011). Nor are such motions "a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not." Bostic v. AT&T of the V.I., 312 F. Supp. 2d 731, 733-34 (D.V.I. 2004).

None of these categories or reasons for reconsideration apply here. Movants appear to misperceive the personal knowledge[4] limitations of the hearsay doctrine and the need for reliability and particular form of a witness's assertions.[5] See 3 Jack B. Weinstein & Margaret A. Burger, Weinstein's Federal Evidence § 602.03 [1][a] (2d ed. 2011) ("Although firsthand observation is obviously the most common form of personal knowledge, that is not the only basis for it."). See further Fed. R. Civ. P. 701; Teen-Ed, Inc. v. Kimball Int'l, Inc., 620 F.2d 399, 403 (3d Cir. 1980) (permissible for company's accountant to offer his lay opinions).

Moreover, movants' persistence in objecting to the Rule 56 use of an affidavit in this case is mistaken. Defs. br. at 6, citing Rule 56(c)(4) ("affidavit . . . used to support or oppose a motion must . . . set out facts that would be admissible in evidence"); 56(c)(2) ("party may object that material cited to support or dispute a material fact cannot be presented in a form

---

[4] "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge. Evidence to prove personal knowledge may consist of the witness's own testimony." Fed. R. Evid. 602.

[5] "All perception is inferential, and most knowledge social; since Kant we have known that there is no unmediated contact between nature and thought. Knowledge acquired through others may still be personal knowledge within the meaning of Fed. R. Evid. 602, rather than hearsay, which is the repetition of a statement made by someone else – a statement offered on the authority of the out-of-court declarant and not vouched for as to truth by the actual witness. Such a statement is different from a statement of personal knowledge merely based, as most is based, on information obtained from other people." Agfa-Gevaert, A.G. v. A.B. Dick Co., 879 F.2d 1518, 1523 (7th Cir. 1989) (Posner, J.).

that would be admissible in evidence"). A non-moving party's evidence must only be convertible to admissible form at trial in order to survive summary judgment. Barr v. County of Clarion, 417 Fed. App'x 178, 180 n.4 (3d Cir. 2011) (Pollak, J.) ("hearsay statements can be considered on a motion for summary judgment if they are capable of admission at trial") (citing Shelton v. Univ. of Med. & Dentistry of N.J., 223 F.3d 220, 223 n.2 (3d Cir. 2000) ("this circuit" follows that rule)); Palfrey v. Jefferson-Morgan Sch. Dist., 355 Fed. App'x 590, 593 n.1 (3d Cir. 2009) (hearsay evidence in a deposition submitted in opposition to a motion for summary judgment may be considered if the out-of-court declarant could later present that evidence through direct testimony, *i.e.*, in a form that would be admissible at trial") (citing J.F. Feeser, Inc. v. Serv-A-Portion, Inc., 909 F.2d 1524, 1542 (3d Cir. 1990)); Williams v. Borough of W. Chester, Pa., 891 F.2d 458, 466 n.12 (3d Cir. 1989) (hearsay evidence produced in an affidavit opposing summary judgment may be considered if the out-of-court declarant could later present the evidence in a form that would be admissible at trial (citing Celotex v. Catrett, 477 U.S. 317, 324 (1986) (rejecting view that "the non-moving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment")).

Defendants' admissibility-at-trial objections are premature. Regardless, it is likely that the substance of the affidavit would qualify for admission. See United States v. Christie, 624 F.3d 558, 565, 567-69 (3d Cir. 2010) (citing United States v. Neal, 36 F.3d 1190, 1206 (1st Cir. 1994)), cert. denied, 131 S. Ct. 1513 (U.S. 2011). Other district courts have allowed

4

similar testimony adequately supported by the witness's personal knowledge to be admitted at trial.  Transportes Aeros Pegaso, S.A. de C.V. v. Bell Helicopter Textron, Inc., 623 F. Supp. 2d 518, 534 (D. Del. 2009) (citing Tex. E. Transmission PCB Contamination Ins. Coverage Litig., 870 F. Supp 1293, 1303-04 (E.D. Pa. 1992)).

A further distortion:  that the record contains little if any support other than the affidavit for concluding that the Commissioner implemented a public policy, uniformly executed by the Insurance Department, to disapprove all asbestos-related exclusions.  See defs. br. at 4 ("Court found . . . the majority of the evidence proffered by GRC could not support the inference of a 'dominant' public policy"); id. at 7 ("the Court . . . concluded that the other evidence GRC offered was *insufficient* to create a genuine issue of material fact on this issue") (emphasis in original)); defs. reply br. at 3 & n.2, doc. no. 431-1 ("Court examined all of the other evidence . . . and properly found it insufficient to support any inference of a public policy disapproving of asbestos exclusions").

The motion also suggests that the court agreed with the view that the affidavit was hearsay.  See def. br. at 6 ("Court's . . . memorandum does not disagree that Powers' Declaration is hearsay"); defs. reply br. at 2 ("the Court agreed with Hartford's argument . . . that the declaration submitted by . . . Powers is hearsay").  No rulings to that effect were made.

An order accompanies this memorandum.

        BY THE COURT:

        /s/ Edmund V. Ludwig
        Edmund V. Ludwig, J.