IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GENERAL REFRACTORIES COMPANY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| FIRST STATE INSURANCE CO., et al. | : | No. 04-3509 |

**MEMORANDUM**

Ludwig, J.                                                                                            April 19, 2012

"Certain defendants,"[1] nine in number, move for reconsideration of the order and memorandum entered on February 22, 2012 (doc. nos. 417, 418). See General Refractories Company v. First State Insurance Company, No. 04-3509, fn. 1 for decision and case history. Jurisdiction is diversity. 28 U.S.C. § 1332.

The reconsideration motion asserts that the denial of partial summary judgment (defs. mot., doc. no. 324) was the result of "several clear errors." Defs. br. at 5-6 (doc. no. 422). Specifically, the decision erred in not "ruling that 40 P.S. § 477b, as a matter of law, neither extends a private cause of action to plaintiff . . . nor authorizes the invalidation of asbestos exclusions allegedly issued without the Insurance Department's approval." Id. at 5. These errors purportedly "create manifest injustice." Id.

---

[1] "Certain Defendants" are: Government Employees Insurance Company; Republic Insurance Company; Westchester Fire Insurance Company; AIU Insurance Company; Continental Insurance Company as successor-in-interest to certain policies of insurance issued by Harbor Insurance Company; Lexington Insurance Company; Sentry Insurance A Mutual Company, as assumptive reinsurer of Great Southwest Fire Insurance Company, sued here as Vanliner Insurance Company; Travelers Casualty and Surety Company (formerly known as The Aetna Casualty and Surety Company and incorrectly designated in the complaint as "St. Paul Travelers"); and Westport Insurance Corporation, formerly known as Puritan Insurance Company. Defs. mot. & br. (doc. no. 422 at 1 n.1 & 5 n.1).

Reconsideration requires either: "(1) an intervening change in the law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Cottrell v. Good Wheels, No. 11-3409, --- Fed. App'x ---- , 2012 WL 171941, *3 (3d Cir. Jan. 23, 2012) (citing N. River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). The scope of reconsideration is "extremely limited" and "[s]uch motions are not to be used as an opportunity to relitigate the case." Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011). Nor are they "a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not." Bostic v. AT&T of the V.I., 312 F. Supp. 2d 731, 733-34 (D.V.I. 2004). None of these categories or reasons for reconsideration apply here.

Movants incorrectly interpret the February 21, 2012 memorandum decision and would develop evidentiary rulings of their own making that would remodel the summary judgment record and in doing so perhaps try to manufacture law-of-the case. This somewhat innovative strategem is not evidence. "'[N]ew evidence,' for reconsideration purposes, does not refer to evidence that a party obtains or submits to a court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available." Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 251-52 (3d Cir. 2010).

The February 21, 2012 decision is interlocutory[2] and did not terminate any claim on the merits: "Today's order holds that there are genuine issues of material fact as to the public policies proposed by GRC and, therefore, none of the moving parties is entitled to judgment as a matter of law." Mem. at 6, 15. The decision did not "settle or even tentatively decide anything about the merits of the claim[s]. It is strictly a pretrial order that decides only one thing – that the case should go to trial." Switzerland Cheese Ass'n, Inc. v. E. Horne's Market, Inc., 385 U.S. 23, 25 (1966); see Ingram v. S.C.I. Camp Hill, 448 Fed. Appx. 275, 278 & n.3 (3d Cir. 2011) (quoting Glaros v. H.H. Robertson Co., 797 F.2d 1564, 1573 (Fed. Cir. 1986) ("order denying summary judgment 'does not foreclose trial on the issues on which summary judgment was sought'")); Fed. R. Civ. P. 54(b).[3] Accord: Warner Bros. Inc. v. Am. Broadcasting Cos., 720 F.2d 231, 245-46 (2d Cir. 1983) ("ruling denying summary judgment on all claims was not an order 'adjudicating' any of them; it simply left them for adjudication at trial"); Andrews Farms v. Calcot, Ltd., 693 F. Supp. 2d 1154, 1163-65 (E.D. Cal. 2010) (rejecting analogous attempt to generate findings, citing Switzerland and Dessar

---

[2] "Typically, a denial of summary judgment is not a final appealable order . . . ." Montanez v. Thompson, 603 F.3d 243, 248 (3d Cir. 2010). "A judgment is not final unless there has been a decision by the district court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. . . . An otherwise non-appealable order is final only if there are no longer any claims left to be resolved by the district court." Royal Ins. Co. of Am., Inc. v. KTA-Tator, Inc., 239 Fed. App'x 722, 724 (3d Cir. 2007) (citations and internal quotation marks omitted).

[3] Fed. R. Civ. P. 54(b): "When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

v. Bank of Am. Nat'l Trust & Sav. Ass'n, 353 F.2d 468, 470 (9th Cir. 1965)).[4] See Moore's Federal Practice § 56.121[1][c] at 56-302 (3rd ed. 2011) ("A denial of a motion for summary judgment cannot determine the law of a case . . . . It does not conclusively resolve any legal issue or find any fact . . . and has no claim- or issue-preclusive effect").

Summary judgment decisions involve burden analyses. Here, plaintiff met its oppositional burden, and movants did not fulfill their burden of establishing the absence of triable issues. "On a motion for summary judgment, the movant must show that there is 'no genuine issue as to any material fact,' such that he is 'entitled to judgment as a matter of law.'" NAACP v. N. Hudson Reg'l Fire & Rescue, 665 F.3d 464, 475 (3d Cir. 2011) (citing Fed. R. Civ. P. 54(a)). Moreover, the record must be viewed "'in the light most favorable to the nonmovant.'" Id. (quoting Scott v. Harris, 550 U.S. 372, 380 (2007)); see also Patrick v. Great Valley Sch. Dist., 296 Fed. App'x 258, 260 (3d Cir. 2008) (citing Ideal Dairy Farms, Inc. v. John Labatt, Ltd., 90 F.3d 737, 744 (3d Cir. 1996) ("Summary judgment may not be granted . . . if there is a disagreement over what inferences can be reasonably drawn from the facts even if the facts are undisputed.") (citation and internal quotation marks omitted)).

Movants mistakenly read into the denial of partial summary judgment various decisional findings inconsistent with their view of the record. Positing error, they ask for

---

[4] As was stated in Dessar almost fifty years ago: "There is no merit to appellant's claim that the denial of appellee's first motion for summary judgment was a ruling that the trust was invalid, or that such a ruling is the law of the case. The order does not purport to decide the question. It merely denies the motion because, in the court's then view, there were 'issuable facts.' Such a denial merely postpones decision of any question; it decides none. To give it any other effect would be entirely contrary to the purpose of the summary judgment procedure. The court did nothing more than it purported to do, that is, refuse to grant the motion." Dessar v. Bank of Am. Nat'l Trust & Sav. Ass'n, supra.

an adjudication in their favor as a matter of law. For example, movants: "[T]he Court correctly stated that GRC bears a heavy burden of establishing a 'dominant public policy' prohibiting enforcement of asbestos exclusions and that GRC failed to meet that burden." Defs. br. at 6. And: "[T]he Court recognized that GRC failed to meet its burden to demonstrate a dominant public policy." Id. at 7. "[T]his Court's express holding that GRC's circumstantial evidence 'would not satisfy the standard of a 'dominant' public policy . . . .'" Id. at 8. However, no rulings to that effect were made.

Movants also point to the court's consideration of the affidavit of Deputy Insurance Commissioner, Michael R. Powers, Ph.D. The affidavit incorporates two letters written by Insurance Department examiners in 1985 to show the Department's policy of rejecting asbestos-related exclusions as against public policy. Movants contend that inconsistent rulings were made in regard to those letters. This conclusion is created by their factitious findings and is at odds with the record: the "Court's reliance on these two letters . . . is based upon the very same evidence that the Court earlier . . . determined is inadequate to meet the . . . standard of a 'clearly-expressed,' 'dominant' public policy." Defs. br. at 10-11. "[T]hese letters were part of the evidence specifically considered by the Court when it held that '[c]ircumstantial proof of the Insurance Department's activities alone would not satisfy the standard of a "dominant" public policy' . . . [which "directly conflicts with" the] Court's suggestion later in the Opinion that the letters establish a genuine dispute of fact . . . ." Defs. br. at 11; see also defs. reply br. at 2; but see mem. at 8 & n.8, 9. Again, no such rulings

were made. The attributed error is a reiteration of movants' attempts to excise Powers' testimony from the record, repeating the same arguments as those made in the unsuccessful motion to strike his affidavit (doc. no. 354).

The February 21, 2012 decision was based on the entire record. When determining whether a moving party has proven the absence of a genuine material issue of fact, "the record taken as a whole" must be considered. NAACP, 665 F.3d at 475. As explained by our Court of Appeals, "[i]f . . . there is any evidence in the record from any source from which a reasonable inference in the [nonmoving party's] favor may be drawn, the moving party simply cannot obtain a summary judgment . . . ." Celotex, 477 U.S. at 330 n.2 (White, J., concurring).

Here, framing the issue as purely one of law, movants dismiss inferences to be drawn from Deputy Commissioner Powers' affidavit, narrowly configuring it to "stand only for the proposition that the Insurance Department had an internal practice with respect to the treatment of asbestos exclusions." Defs. br. at 11-12; defs. reply br. at 2-3. Movants' argument is that such an internal agency practice cannot, as a matter of law, meet the standard for a "dominant public policy." Defs. br. at 13; defs. reply br. at 3-4; but see mem. at 9. This is an inaccurate, over-simplification of the permissible inferences.

Movants' reply states that it presents some new "matter of statutory administrative agency law." Defs. reply br. at 3-5. That is not appropriate on reconsideration. Additionally, the arguments are not persuasive because the testimony in question cannot fairly be regarded

as evidence solely of an internal agency practice that was not publicly disclosed. This, again, is re-argument of the unsuccessful motion for partial summary judgment. See defs. br. at 5-6, doc. no. 324; defs. reply br. at 4-5, 9-10, doc. no. 367.

Movants also persist in ignoring GRC's position on § 477b. A statute is itself evidence of public policies: "'[A]n enactment by the legislature . . . is indeed the embodiment of public policy." Heller v. Pa. League of Cities & Muns., 32 A.3d 1213, 1227 (Pa. 2011) (quoting Erie Ins. Exch. v. Baker, 972 A.2d 507, 511 n.7 (Pa. 2008)); see mem. at 13. The issue, with proper instructions, is to be resolved by the fact finder on the totality of the evidence; it is not an issue of law for summary adjudication.

An order accompanies this memorandum.

BY THE COURT:

/s/ Edmund V. Ludwig
Edmund V. Ludwig, J.