**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GENERAL REFRACTORIES COMPANY** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **FIRST STATE INSURANCE CO., et al.** | : | **NO.  04-3509** |

### ORDER - MEMORANDUM

**AND NOW**, this 10th day of October, 2014, upon consideration of the Objections of

Plaintiff, General Refractories Company ("GRC"), to the Witness List, Exhibits and Deposition

Designations of Defendant, Travelers Casualty and Surety Company (f/k/a the Aetna Casualty

and Surety Company) ("Travelers") (ECF Document 611), Defendant Travelers' Objections to

the Witness List, Exhibit List, and Deposition Designations of Plaintiff GRC (Doc. 618), and

Travelers' Submission in Support of its Objections to the Testimony of Plaintiff's Rebuttal

Expert Witnesses (Doc. 623), and following a telephone conference on September 23, 2014 and

oral argument of counsel at the hearing on October 2, 2014, it is hereby **ORDERED** that:

    1.  Plaintiff GRC's Objections (Doc. 611) are **DISMISSED** without prejudice;

    2.  For the reasons which follow, Defendant Travelers' Objections (Doc. 623) are

**DENIED**, insofar as Defendant seeks to preclude the testimony of GRC's expert witnesses,

Dennis Connolly and Gene Locks, Esq.; and

    3.  Defendant Travelers' Objections are **DISMISSED** without prejudice in all

other respects;

    Plaintiff GRC timely provided the rebuttal reports of its experts, Connolly and Locks, on

January 21, 2011.  See Order Nov. 12, 2010 (Doc. 281).  Expert discovery concluded on April

29, 2011.  See Order dated Mar. 17, 2011 (Doc. 303).  On August 1, 2011, Defendant Travelers

moved for summary judgment asserting that clear and unambiguous exclusions contained in the

insurance policies sold to GRC precluded coverage for the underlying asbestos-related claims.

Def. Br. & Reply Br. (Docs. 338, 397).  This is Travelers' present position.  Def. Br. (Doc. 623);

Hr'g Tr. dated Oct. 2, 2014 (hereafter cited as "Hr'g Tr.") at 7:6-15.  GRC responds that the

exclusions are not that broad: "different exclusions have different meanings," and coverage exists

for most of the claims.  Pl. Resp. at 1-3, 7-9 (Doc. 376); Pl. Letter Br. dated Oct. 1, 2014.

Travelers' motion for summary judgment was denied because the meaning and

application of the exclusionary terms involve triable issues.  See Order & Mem. dated Mar. 21,

2012 (Docs. 428, 429).  Based primarily on GRC's evidence as to how the insurance industry,

insurance policies, and litigants of asbestos-related claims used and regarded the exclusionary

terms, it was ruled that:

> The meaning of the exclusionary terms as evidenced by custom in the industry and
> usage in trade must be established first – only then may it be determined whether
> parole evidence should be considered. . . . Moreover, the meaning of the
> exclusionary terms must be shown before the terms can be compared and applied
> to the allegations in the underlying complaints.  Resolution of these disputes
> depends on the credibility of the parties' witnesses, experts, and proofs at trial.

Mem. Op. dated Mar. 21, 2012 (Doc. 428) at 6 (citing AstenJohnson, Inc. v. Columbia Cas. Co.,

562 F.3d 213, 221 (3d Cir. 2009)).

Travelers maintains that Connolly and Locks should not be permitted to testify because

they are "rebuttal experts" and their opinions are "intended solely to contradict or rebut evidence

on the same subject matter" that was identified by Defendants' experts, Mr. Brian E. Gagan and

2

Richard Allen Jordan, Esq.  See Def. Br. (Doc. 623) at 2; Hr'g Tr. at 9:7-15, 10:7-14, 19:14-20:1, 21:12-22:21, 23:9-13.  It is further submitted that "Travelers will *not* call any expert witnesses at trial and there is simply nothing for GRC's witnesses to contradict or rebut."  Def. Br. (Doc. 623) at 2 (citing Fed. R. Civ. P. 26(a)(2)(D)(ii)) (emph. in original); see also Hr'g Tr. at 16:15-24, 18:13-15.  Travelers contends that interpretation of the exclusions is a matter of law for the court to decide without considering evidence extrinsic to the insurance policies.  See, e.g., Def. Br. (Doc. 338) at 6-8; Hr'g Tr. at 7:6-10, 7:23-8:3, 10:19-11:18, 12:12-15, 23:9-13.

Under Pennsylvania law, "the insurer bears the burden of proving the applicability of any exclusions . . . , since disclaiming coverage on the basis of an exclusion is an affirmative defense."  Koppers Co. v. Aetna Cas. & Sur. Co., 98 F.3d 1440, 1446 (3d Cir. 1996); accord State Farm Fire & Cas. Co. v. Estate of Mehlman, 589 F.3d 105, 111 (3d Cir. 2009).  Travelers has chosen to discharge its burden without the use of expert opinion evidence.  That choice does not control the scope of GRC's rebuttal.  "Rebuttal evidence must generally tend to refute the defendant's proof, and a trial judge's decision regarding the scope of rebuttal may not be reversed unless there has been a clear abuse of discretion."  Bhaya v. Westinghouse Elec. Corp., 922 F.2d 184, 190 (3d Cir. 1990), cert. denied, 501 U.S. 1217 (1991).  As previously ruled, GRC may refute Travelers' position with expert opinion testimony about the meanings of the exclusionary terms as evidenced by custom in the industry and usage in trade.  Travelers acknowledges that Connolly and Locks opine on these topics.  GRC intends to offer that testimony as evidence of the meaning of the exclusionary term "asbestos," as compared to the term "asbestos-containing product."  See Hr'g Tr. at 30:16-31:6, 31:18-22.

In ZF Meritor, LLC v. Eaton Corp., 696 F.3d 254, 297 (3d Cir. 2012), cert. denied, 133 S.

Ct. 2025 (2013), our Court of Appeals recognized that a district court "has considerable discretion in matters regarding expert discovery and case management."   ZF Meritor cautioned that "exclusion of critical evidence is an 'extreme' sanction," and applied five factors (known as "the Pennypack factors") to decide whether a refusal to allow submission of additional expert evidence constituted an abuse of discretion.  Id. at 297-98 (citing Meyers v. Pennypack Woods Home Ownership Ass'n, 559 F.2d 894, 905 (3d Cir. 1977), overruled on other grounds, Goodman v. Lukens Steel Co., 777 F.2d 113 (3d Cir. 1985)) (internal quotation marks and citation omitted).  These Pennypack factors, which guide the inquiry here as well, are:

> (1) "the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified" or the excluded evidence would have been offered;  (2) "the ability of that party to cure the prejudice"; (3) the extent to which allowing such witnesses or evidence would "disrupt the orderly and efficient trial of the case or of other cases in the court"; (4) any "bad faith or willfulness in failing to comply with the court's order"; and (5) the importance of the excluded evidence.

Id. at 297-98 (quoting Pennypack, 559 F.2d at 904-05).

Upon weighing the Pennypack factors here, the factors favor the admission of expert testimony of Connolly and Locks as either direct or rebuttal evidence.  Travelers cannot claim any credible prejudice or surprise as to these experts' opinions or the bases and reasons for the opinions.  Travelers has been aware of these reports for nearly four years.  Travelers had a full and fair opportunity to depose these witnesses before the close of expert discovery.  Allowing GRC to submit this expert testimony is precisely what the previous ruling on summary  judgment envisioned for the orderly and efficient flow of the trial in this case.  There is no indication of bad faith on the part of either side.  Importantly, given the critical nature of this evidence as mentioned above, if this evidence were excluded, GRC would be unfairly prejudiced.  The fact

that the evidence Travelers intends to submit does not include witness testimony does not

preclude GRC from presenting witness testimony in response to Travelers' evidence and claims.


BY THE COURT:


  s/ L. Felipe Restrepo
L. Felipe Restrepo
United States District Judge