IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GENERAL REFRACTORIES COMPANY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| FIRST STATE INSURANCE CO., *et al.* | : | NO. 04-3509 |

**MEMORANDUM**

L. FELIPE RESTREPO, J.  JUNE 11, 2015

Plaintiff, General Refractories Company ("GRC"), a manufacturer and supplier of refractory products that at times contained some asbestos, sues its insurance carriers for a declaration of excess insurance coverage in underlying asbestos-related lawsuits and for breach of insurance contract. Since about 1978, GRC has been named as a defendant in a multitude of asbestos-related suits throughout the United States. Each of those insurance carriers has now settled with GRC, except one – defendant Travelers Casualty and Surety Company, formerly known as The Aetna Casualty and Surety Company (collectively, "Travelers"). A jury trial is scheduled for July 13, 2015.

Plaintiff GRC moves for an order declaring that Travelers' policies:[1]

(1) "do not exclude GRC's liabilities relating to claims for exposure to its asbestos-containing products";

(2) "Travelers has waived any defenses to coverage for claims on the Queue"; and

(3) "Travelers is required to pay its full limits plus interest," because GRC's insured damages far exceed the limits of liability of Travelers' policies.

---

[1] Travelers sold two policies to GRC for the period Aug. 1, 1985-86, which are docketed at multiple locations, see, e.g. Def. Exs. 1 and 2 (ECF document nos. 650-3 and 650-4), Def. Exs. 1 and 2 (doc. nos. 651-3 and 651-4); Def. Exs. 2 and 3 (doc. nos. 651-3 and 651-4).

Pl. Br. at 2, 8-10 & n.6 (doc. nos. 647, 647-1). GRC maintains that "Travelers relied on its asbestos exclusion as a bar to coverage, and despite many opportunities to weigh in on GRC's methods of settling and recording claims, failed to do so." Id. at 5. GRC also argues: "Travelers was provided access to all of the underlying documents of the settlements, but has not produced any evidence" that GRC's damages are not insured by Travelers' policies. Id. at 5-6.

Defendant Travelers opposes GRC's motion on several grounds. See Def. Resp. at 1-2. (doc. no. 652). Principally, Travelers maintains that GRC's motion attempts to "circumvent" required proof of the "the terms, conditions and other provisions" of Travelers' policies, and Travelers has not waived "any of its defenses with respect to the Queue." Id. at 1-2, 6-10.[2] GRC's motion and Travelers' response present issues which have been largely decided by previous rulings in this action. See Mem. dated May 29, 2015 (doc. no. 662); Mem. dated June 1, 2015 (doc. no. 664); see also Mem. dated June 11, 2015 (filed simultaneously with this Memorandum), together with other previous rulings as cited in those decisions.

One question presented by GRC's motion has not yet been decided: whether Travelers is estopped from asserting or has waived its defenses to insurance coverage for the underlying claims that are evidenced by GRC's summaries – the Claims Database and the Queue. The facts germane to this issue have already been set forth at length in a previous ruling. See Mem. dated May 29, 2015, at 5-14 (doc. no. 662). Here, Travelers' response adds to the record solely a letter by Travelers' counsel, Stradley Ronon Stevens & Young, LLP, addressed to GRC's President and General Counsel, Barry L. Katz, Esq. See Def. Br. at 10; letter dated April 9, 2002, Def. Ex.

---

[2]For the background of this motion, see Mem. dated May 29, 2015, at 1-2, 4 & nn.1-2 (doc. no. 662).

2. In that letter, Travelers responded to certain objections that GRC had made as to the enforceability of the asbestos exclusion contained in Travelers' policies. The letter concluded: "The foregoing is without any prejudice to the rights, defenses, claims and remedies of Travelers, all of which are expressly and fully reserved." Id.; compare Mem. dated May 29, 2015, at 10 & n.5 (doc. no. 662) (quoting a similar reservation of rights in Travelers' letter dated Aug., 8, 1989).

The standard for granting summary judgment under Federal Rule of Civil Procedure 56[3] "mirrors the standard for a directed verdict" under Federal Rule of Civil Procedure 50(a).[4] Glenn Distrib. Corp. v. Carlisle Plastics, Inc., 297 F.3d 294, 299 (3d Cir. 2002) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)). Both a Rule 56 motion and a Rule 50 motion function to save money, time, and effort when there is no genuine issue of material fact.

On this record, differences between the paper record available on summary judgment and a trial record make judgment as a matter of law under Rule 50 preferable. "Sound practical reasons" may justify a trial judge's denial, or reservation of a decision on summary judgment "even on the identical evidence" that supports the grant of a directed verdict. See Gleason v.

---

[3] A moving party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). After adequate time for discovery and upon motion, entry of summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "In such a situation there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id.

[4] Rule 50(a)(1) provides: "If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under controlling law, can be maintained or defeated only with a favorable finding on that issue." Fed. R. Civ. P. 50(a)(1).

Title Guar. Co., 317 F.2d 56, 58 (5th Cir. 1963) (affirming a directed verdict that was granted on substantially the same evidence that the trial court had denied summary judgment). Where a Rule 50 motion for judgment as a matter of law is decided at the close of the plaintiff's case, or at the close of the entire case, "a judge has at least heard testimony at a live trial." Id. (citation and internal quotation marks omitted). In contrast to the record available for consideration on a motion for summary judgment, "a judge deciding a motion for judgment as a matter of law has heard the live, public, cross-examined testimony of witnesses." 11 Moore's Federal Practice § 56.04[2][d], at 56-24 (Matthew Bender 3d Ed. 2015); see generally id. § 56.04[2][b], [c], [d], at 56-21 to 56-25.

Accordingly, the legal question of estoppel and waiver presented by GRC's motion is reserved for decision until the close of the evidence at the trial scheduled to begin July 13, 2015, upon GRC's motion under Rule 50(a) for judgment as a matter of law.

An appropriate Order accompanies this Memorandum.