IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GENERAL REFRACTORIES COMPANY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| FIRST STATE INSURANCE CO., *et al.* | : | NO. 04-3509 |

**MEMORANDUM**

L. Felipe Restrepo, J.                                                                             June 11, 2015

Plaintiff, General Refractories Company ("GRC"), a manufacturer and supplier of refractory products that at times contained some asbestos, sues its insurance carriers for a declaration of excess insurance coverage in underlying asbestos-related lawsuits and for breach of insurance contract. Since about 1978, GRC has been named as a defendant in a multitude of asbestos-related suits throughout the United States. Each of those insurance carriers has now settled with GRC, except one – defendant Travelers Casualty and Surety Company, formerly known as The Aetna Casualty and Surety Company (collectively, "Travelers"). A jury trial is scheduled to begin July 13, 2015.

GRC moves for an order precluding Travelers from arguing at trial that GRC must establish actual payment of the underlying asbestos-related claims asserted against GRC, which actual payment exhausts the specified limits of liability of the insurance policies directly underlying Travelers' policies, before Travelers must begin to pay insurance proceeds under its policies to GRC. See Pl. Br. at 1 (ECF document no. 648-1). See Travelers' policies, "Indemnity Agreement," "Schedule of Underlying Insurance."[1] Travelers does not oppose such a

---

[1] Travelers sold two policies to GRC for the period, Aug. 1, 1985-86, which are docketed at multiple locations, see, e.g., Def. Exs. 1 and 2 (doc. nos. 650-3 and 650-4), Def. Exs. 1 and 2 (doc. nos. 651-3 and

ruling: "Travelers has previously advised GRC's counsel that Travelers does not contend that GRC is required to prove the actual payment of claims up to the underlying insurance policy limits." See Def. Resp. at 1 (doc. no. 653). For the background of this motion, see Mem. dated May 29, 2015, at 1-2, 4 & nn.1-2 (doc. no. 662).

Both sides agree that in those cases where multiple layers of excess and primary liability policies insure the same risk – as is the case here with GRC's liability for its products – an excess carrier's liability under its policies "would be triggered" once "the underlying coverage has been 'exhausted,' either by settlement or by payment" of the underlying claims asserted against the policyholder. Koppers Co. v. Aetna Cas. & Sur. Co., 98 F.3d 1440, 1454-55 (3d Cir. 1996). Actual payment of the underlying claims is not required – as was so ruled. See Mem. dated Mar. 26, 2012 (doc. no. 432), and amending Order dated Mar. 28, 2012 (doc. nos. 434, 434-1); Gen. Refractories Co. v. First State Ins. Co., 862 F. Supp. 2d 382 (E.D. Pa. Mar. 27, 2012) (Ludwig, J.) (ruling that GRC's "two-tiered or conditional" settlements with the underlying claimants are permissible under Pennsylvania law and constitute damages within the meaning of the excess insurance policies issued by Defendants in this action – including Travelers).

As to the remainder of GRC's motion and Travelers' response, they present issues which have been largely decided by previous rulings in this action. See Mem. dated May 29, 2015 (doc. no. 662); Mem. dated June 1, 2015 (doc. no. 664); and Mem. dated June 11, 2015 (filed simultaneously with this Memorandum), together with other previous rulings as cited in those decisions.

An appropriate Order accompanies this Memorandum.

---

651-4); Def. Exs. 2 and 3 (doc. nos. 651-3 and 651-4).