IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GENERAL REFRACTORIES COMPANY : CIVIL ACTION
:
v. :
:
FIRST STATE INSURANCE CO., *et al.* : NO. 04-3509

**ORDER**

**AND NOW,** this 11th day of June, 2015, upon consideration of the parties' respective papers and the record,[1] it is hereby **ORDERED** that "Defendant's Motion in Limine to Preclude the Presentation of Evidence by Plaintiff Regarding Claims Where It Has Not Established Coverage Under the Travelers Policies" (doc. no. 651), which was submitted by Defendant Travelers Casualty and Surety Company, f/k/a The Aetna Casualty and Surety Company (collectively, "Travelers"), is **DENIED**.

**IT IS FURTHER ORDERED** and **DECLARED** that at the trial scheduled for July 13, 2015, the summary trial exhibits proffered by Plaintiff, General Refractories Company ("GRC") – the "Claims Database" and the "Queue," as ruled to be admissible in the Memorandum dated May 29, 2015 (doc. no. 662) – are also admissible to prove the reasonableness of the settlements of the underlying asbestos-related claims.

**IT IS FURTHER ORDERED** and **DECLARED** that at trial, Travelers may challenge GRC's proof with admissible, material evidence that presents a genuine triable dispute for the

---

[1] Defendant's Motion and Brief (ECF document nos. 651, 651-1), Exhibits ("Exs.") 1-2 (doc. nos. 651-3 through 651-4); Plaintiff's Response (doc. no. 655); Affidavit of Michael Conley, dated Apr. 17, 2015 (doc. no. 646), with Exs. 1-8 (doc. nos. 646-1 through 646-8); Declaration of Michael Conley, dated May 1, 2015 (doc. no. 657), with Exs. A-K (doc. nos. 657-1 through 657-11); Affidavit of Michael Conley, dated Sept. 16, 2011, with Exs. 1 and 2 (doc. no. 364); and Defendant's Reply (doc. no. 660).

1

jury to resolve as to the reasonableness of the settlements and payments made in the underlying asbestos-related claims. Travelers' evidence and argument shall be limited strictly to the question of whether those settlements and payments were reasonable "in view of the size of possible recovery and degree of probability of claimant's success against the insured." TIG Ins. Co. v. Nobel Learning Communities., Inc., No. 01-4708, 2002 WL 1340332, at *12 (E.D. Pa. June 18, 2002) (quoting American Int'l Underwriters Corp. v. Zurn Indus., Inc., 771 F. Supp. 690, 701-02 (W.D. Pa. 1991)).

BY THE COURT:

 s/ L. Felipe Restrepo
L. FELIPE RESTREPO
UNITED STATES DISTRICT JUDGE