IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GENERAL REFRACTORIES COMPANY** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **FIRST STATE INSURANCE CO.,** *et al.* | : | **NO. 04-3509** |

### ORDER AND JUDGMENT

**AND NOW**, this 9th day of September, 2015, upon consideration of the Motion of Plaintiff General Refractories Company ("GRC") for Prejudgment Interest and Entry of Judgment (ECF document no. 686), and the Response of Defendant Travelers Casualty and Surety Company, formerly known as The Aetna Casualty and Surety Company (collectively, "Travelers") (doc. no. 691), and the parties' Joint Stipulation as to Damages (doc. no. 685), it is hereby **ORDERED** that Plaintiff's Motion (doc. no. 686) is **GRANTED**.

It is **FURTHER ADJUDGED** and O**RDERED:**

(1)  **JUDGMENT** is entered in favor of Plaintiff GRC, and against Defendant Travelers, in the amount of **$21 million U.S. dollars ($21,000,000.00)**, which constitutes damages for the claims of breach of contract and declaratory relief contained in the Complaint, as stipulated by the parties' Joint Stipulation as to Damages (doc. no. 685);

(2)  **PREJUDGMENT INTEREST** is **AWARDED** in addition to the stipulated damages, which interest is calculated at Pennsylvania's six percent (6%) statutory rate for legal interest under 41 P.S. § 202, as detailed in Plaintiff GRC's submission, the "Queue With Interest Calculations" (doc. no. 690).  As of today's date, **September 9, 2015**, the **AMOUNT** of prejudgment interest

awarded is **$15,273,705.00**;

(3)  A **TOTAL JUDGMENT** is entered in favor of Plaintiff GRC, and against Defendant Travelers, in the amount of **$36,273,705.00 U.S. dollars**;

(4)  Pursuant to 28 U.S.C. § 1961,[1] **POSTJUDGMENT INTEREST** shall accrue on the **JUDGMENT of $36,273,705.00 U.S. dollars**, and shall be computed in accordance with the statute until that amount is paid to Plaintiff GRC.

The **CLERK of COURT** is directed to mark this action **CLOSED** and **TERMINATED**, and to remove this action from the Court's active docket.

BY THE COURT:

 s/ L. Felipe Restrepo
L. FELIPE RESTREPO
UNITED STATES DISTRICT JUDGE

---

[1] Federal law mandates imposition of postjudgment interest. 28 U.S.C. § 1961. The statute provides that "[s]uch interest shall be calculated from the date of the entry of the judgment," and "shall be computed daily to the date of payment." Id. Postjudgment interest is calculated on the underlying judgment and award of prejudgment interest. Skretvedt v. E.I. DuPont De Nemours, 372 F.3d 193, 217 (3d Cir. 2004) (citing Sun Ship, Inc. v. Matson Navigation Co., 785 F.2d 59, 63 (3d Cir. 1986)). See generally, id. (citing Caffey v. UNUM Life Ins. Co., 302 F.3d 576, 586 (6th Cir. 2002) ("postjudgment interest should be awarded on the entire amount of the judgment, including any prejudgment interest") (noting agreement among the Fourth, Ninth, Tenth, and Eleventh Circuit Courts).